THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD PARKER, Defendant-Appellant.

Third District   No. 3—86—0343

Opinion filed February 25, 1987.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Donald J. Parker, was convicted of the offense of sexual relations within families. (Ill. Rev. Stat. 1985, ch. 38, par. 11—11.) The trial court sentenced him to 30 months' probation conditioned upon his serving a one-year term of periodic imprisonment and paying a $1,000 fine. The defendant appeals.

At trial, the defendant's stepson testified that on December 31, 1985, when he was 18 years old, he performed two acts of fellatio on the defendant. The first act occurred around 5 p.m., when the defendant walked into his stepson's bedroom and asked him to perform the act. The second act occurred at about 11:30 p.m., after the stepson reminded the defendant that they had agreed to have sex again. According to the stepson, his sexual relationship with his stepfather had started in the fifth or sixth grade.

Peoria police investigator Randy Pollard testified that the defendant, during questioning following his arrest, had admitted having his stepson perform oral sex on him.

Dr. Donald Legan, a clinical psychologist, testified that the victim had an I.Q. of 76, which bordered on retardation. The victim did not understand that there was anything wrong with his conduct and saw it as a way to get others to like him. As a result, the victim had been expelled from school for making sexual overtures to other male stu-

dents and had begun sexual conduct with his 12-year-old brother.

The defendant presented no evidence.

On appeal, the defendant argues that the State failed to prove him guilty beyond a reasonable doubt because the offense of sexual relations within families does not prohibit the instant conduct between a stepparent and a stepchild.

The sexual-relations-within-families statute provides, *inter alia*:

"(a) A person commits sexual relations within families if he or she:

(1) Commits an act of sexual penetration as defined in Section 12—12 of this Code; and

(2) The person knows he or she is related to the other person as follows: *** (ii) Father or mother, when the child or stepchild, regardless of legitimacy and either of the whole blood or half-blood or by adoption, was 18 years of age or over when the act was committed." Ill. Rev. Stat. 1985, ch. 38, par. 11—11.

The defendant asserts, and the State agrees, that the term "stepchild" cannot be reconciled with the qualifying phrase "regardless of legitimacy and either by the whole blood or half-blood or by adoption." We agree that it is impossible to be a stepchild by the whole blood; a whole-blood relationship can involve only natural children. Further, one cannot be a stepchild by the half blood; "half-blood" describes a degree of relationship between siblings. (Black's Law Dictionary 217-18 (4th ed. 1951).) Finally, the term "adopted child" includes an adopted stepchild, making the legislature's use of "adopted" to modify "stepchild" redundant.

■■■ The main consideration in construing a statute is to give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.) If the main intent of the statute can be determined, words may be declared mere surplusage in order to give effect to the legislative intent. (*People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447.) However, an interpretation of a statute which would nullify, explain away, or render insignificant the words being construed should be avoided if possible. (*City of Champaign v. Hill* (1961), 29 Ill. App. 2d 429, 173 N.E.2d 839.) Finally, a criminal statute must be strictly construed in favor of the accused. *People v. Christensen* (1984), 102 Ill. 2d 321, 465 N.E.2d 93.

The trial court in the case at bar ruled that it was disregarding the phrase "regardless of legitimacy and either of the whole blood or half-blood or by adoption" in order to give effect to the term "stepchild." The State argues that this was the correct interpretation of

the statute. The modifying phrase applies only to "child," according to the State, since a child can be of the whole blood, half blood or by adoption; the term "stepchild" should simply be read without the modifying phrase. In short, the State is arguing that the legislature intended to include and give effect to every word in the statute, but the drafters did not correctly structure the sentence.

The defendant argues that the legislature did not intend to include in the instant statute stepchildren over 18. In support of his argument, the defendant asserts that the statute in question is derived from the former Illinois incest statute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—11.) The former incest statute specifically excluded the stepparent-stepchild relationship. That relationship was included under the former aggravated-incest statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—10), which applied only where the victim was under 18. The former aggravated-incest statute, according to the defendant, is now the aggravated-criminal-sexual-abuse statute (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b)), which includes stepchildren under the age of 18 (Ill. Rev. Stat. 1985, par. 12—12(c); see also Ill. Ann. Stat., ch. 38, par. 11—10, Committee Comments 1961, at 310-11 (Smith-Hurd 1979).

Accordingly, argues the defendant, the State's interpretation creates a new offense which did not exist under the old laws—the offense of sexual relations with a stepchild over 18 years of age. The defendant points out, however, that the record of proceedings concerning the bill which enacted the instant statute contains no reference to any legislative intent to create this new offense. In further support of his argument that the legislature did not intend to create such an offense, the defendant notes that under section 212 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 212), a divorced or widowed stepparent may marry his or her stepchild. The defendant also explains that the legislature may have drafted the statute so as to clearly include adopted stepchildren, even though under Illinois law a stepchild is called a child once he or she is adopted. Finally, the defendant argues that since the court has to disregard certain words for the statute to make sense, the court should disregard only the one word "stepchild," rather than the 14 words in the qualifying phrase.

■ The State and the defendant have both presented sound arguments concerning application of the statute in question to the defendant's actions. Both sides' arguments make quite clear, however, that any interpretation of the sexual-relations-within-families statute, as it applies to the facts of this case, necessitates considerable speculation. Since a criminal statute must be strictly construed in favor of the

defendant (*People v. Christensen* (1984), 102 Ill. 2d 321, 465 N.E.2d 93), we have no choice but to construe the statute in the defendant's favor and find that the trial court erred in holding that the defendant committed the offense of sexual relations within families.

Our decision renders moot the defendant's argument that the trial court erred in fining him $1,000.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

BARRY, P.J., and WOMBACHER, J., concur.