414

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHARLES J. WILLIAMS, Defendant-Appellee.

Third District   No. 3—87—0140

Opinion filed October 29, 1987.

Joan Scott, State's Attorney, of Lewistown (Gerald P. Ursini, of State's
Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for
appellee.

JUSTICE SCOTT delivered the opinion of the court:
The trial court dismissed the charge of sexual relations within
families (Ill. Rev. Stat. 1985, ch. 38, par. 11—11) brought about the
defendant, Charles J. Williams. The State appeals.

The information alleged that on or about August 1, 1985, the defendant committed an act of sexual penetration with his stepdaughter. The defendant filed a motion to dismiss on the ground that the offense of sexual relations within families does not prohibit the charged conduct between a stepparent and a stepchild. The trial court initially denied the motion. Following this court's decision in *People v. Parker* (1987), 152 Ill. App. 3d 732, 504 N.E.2d 1006, in which we held that the sexual relations within families statute does not encompass stepparent-stepchild sexual conduct, the defendant renewed his motion. The trial court then granted it.

On appeal, the State argues that the offense of sexual relations within families includes stepparents and stepchildren.

The statute, as it was written when the defendant committed the alleged act, provided in relevant part:

"(a) A person commits sexual relations within families if he or she:

(1) Commits an act of sexual penetration as defined in Section 12—12 of this Code; and

(2) The person knows he or she is related to the other person as follows: *** (ii) Father or mother, when the child or stepchild, regardless of legitimacy and either of the whole blood or half-blood or by adoption, was 18 years of age or over when the act was committed." Ill. Rev. Stat. 1985, ch. 38, par. 11—11.

In *Parker*, we noted that the term "stepchild" cannot be reconciled with the qualifying phrase "regardless of legitimacy and either by the whole blood or half-blood or by adoption." It is impossible to be a stepchild by the whole blood; a whole-blood relationship can involve only natural children. Further, one cannot be a stepchild by the half blood; "half-blood" describes a degree of relationship between siblings. (Black's Law Dictionary 217-18 (4th ed. 1951).) Finally, the term "adopted child" includes an adopted stepchild, making the legislature's use of "adopted" to modify "stepchild" redundant.

After reviewing the State's and the defendant's arguments in *Parker*, we found that both sides had presented sound reasoning supporting their interpretations of the statute. We further found that their contradictory conclusions demonstrated that any interpretation of the statute, as far as its applicability or inapplicability to stepparents and stepchildren, necessitated considerable speculation. Accordingly, we ruled that we had no choice but to construe the statute in the defendant's favor (*People v. Christensen* (1984), 102 Ill. 2d 321, 465 N.E.2d 93), and held that it did not encompass sexual relations

between stepparents and their stepchildren.

In the instant case, with one exception, the State's arguments in support of its position were addressed by this court in *Parker*. Having reexamined our reasoning in *Parker*, we find no basis for overruling that decision. We therefore need not rehash the arguments addressed therein.

The State has, however, presented a new argument not found in *Parker*. Effective August 15, 1986, the legislature modified the sexual relations within families statute to provide:

"(a) A person commits sexual relations within families if he or she:

(1) Commits an act of sexual penetration as defined in Section 12—12 of this Code;

(2) The person knows that he or she is related to the other person as follows: *** Stepfather or stepmother, when the stepchild was 18 years of age or over when the act was committed." Ill. Ann. Stat., ch. 38, par. 11—11 (Smith-Hurd 1987).

■■ Later amendments to a statute may be considered in determining legislative intent, notes the State. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) The instant amendment therefore shows a previously existing legislative intent to include stepparent-stepchild sexual conduct within the offense charged.

We find the State's argument to be quite plausible and believe, based on the amendment, that the legislature may very well have intended for the prior statute to encompass the defendant's act. However, we need not examine this argument in depth. In *Parker* we did not find that the legislative intent was to omit stepparents and stepchildren from the offense. Instead, we found that the statute was so poorly drafted that it was impossible to discern the legislature's intent and that we therefore had to rule in the defendant's favor.

■■ ■,Where the language of a statute is so vague that courts cannot, by accepted rules of construction, with any reasonable degree of certainty determine legislative intent, and persons of common intelligence must guess at its meaning and differ as to its application, it is void for vagueness. (*Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144; *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012.) A subsequent amendment cannot retroactively cure a vagueness defect. The cornerstone of the constitutional prohibition against *ex post facto* laws is that persons have a right to fair warning of that conduct which will give rise to criminal penalties. *People v. Coleman* (1986), 111 Ill. 2d 87, 488 N.E.2d 1009.

■ Based on our findings in *Parker* and the rules of law enunciated in this opinion, we find that the instant sexual relations within families statute was unconstitutionally vague as to whether it prohibited the defendant's alleged conduct. We therefore rule that the trial court correctly granted the defendant's motion to dismiss the charge against him.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.