THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONALD PARKER, Appellee.

*Opinion filed June 20, 1988.*

206

CLARK, J., specially concurring.

Neil F. Hartigan, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Terence M. Madsen and Gary H. Schwartz, Assistant Attorneys General, all of Chicago, and Kenneth R. Boyle, John X. Breslin and Gerald P. Ursini, of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Frank W. Ralph, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Following a bench trial in the circuit court of Peoria County, the defendant, Donald Parker, was convicted of the offense of sexual relations within families. The trial judge imposed a $1,000 fine and sentenced the defendant

to 30 months' probation conditioned upon his serving a one-year term of periodic imprisonment. The appellate court reversed the defendant's conviction (152 Ill. App. 3d 732), and we allowed the State's petition for leave to appeal (107 Ill. 2d R. 315(a)).

At the trial, the defendant's stepson, who was 18 years old at the time of the offense, testified that on December 31, 1985, he twice performed oral sex on the defendant, once in the early evening and once at approximately midnight. He further testified that such behavior had been going on since he was in fifth or sixth grade. A police officer also testified that on January 3, 1986, in response to questioning, the defendant admitted that his stepson had performed oral sex on him. The victim's mother testified that she married the defendant on July 19, 1976, and that the defendant had never adopted the victim.

The appellate court found that the statute under which the defendant was convicted (Sexual Relations Within Families, section 11—11 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 11—11)) was ambiguous. The court stated that criminal statutes must be strictly construed in favor of a defendant and reversed the defendant's conviction because it believed that any interpretation of the statute, as enacted, required the court to speculate as to the statute's meaning. 152 Ill. App. 3d at 735.

The statute in effect at the time of the defendant's trial provided:

"Sexual Relations Within Families. (a) A person commits sexual relations within families if he or she:

(1) Commits an act of sexual penetration as defined in Section 12—12 of this Code; and

(2) The person knows that he or she is related to the other person as follows: (i) Brother or sister, either of the whole blood or the half blood; or (ii) Father or mother,

when the child or stepchild, regardless of legitimacy and either of the whole blood or half-blood or by adoption, was 18 years of age or over when the act was committed.

(b) Sentence. Sexual relations within families is a Class 3 felony." Ill. Rev. Stat. 1985, ch. 38, par. 11—11.

The State argues that the appellate court improperly held that the statute does not apply to a stepparent-stepchild relationship. The State contends that the language of the statute is clear, and that the legislature intended in section 11—11 to cover all parent-child and stepparent-stepchild relationships where the child or stepchild is over 18 years old.

The defendant argues that the State failed to prove him guilty beyond a reasonable doubt of the offense of sexual relations within families because the statute does not prohibit such conduct between a stepparent and stepchild over the age of 17. The defendant contends that the language of the statute is ambiguous and that because penal statutes must be strictly construed in favor of defendants, the appellate court correctly held that the statute was not applicable to him. The defendant further argues that the legislature did not intend to include the stepparent-stepchild relationship under the statute and that the subsequent amendment of the statute created a change in law, indicating that at the time of his conviction, the statute did not embrace the stepparent-stepchild relationship.

Section 11—11 in effect at the time of the trial punished conduct which was not previously punished under an earlier version (Ill. Rev. Stat. 1981, ch. 38, par. 11—11). Before being amended in 1984 (Pub. Acts 83—1067, 83—1117), section 11—11 only prohibited sexual conduct between a brother and sister without reference to age. By amending section 11—11 in 1984 to punish not only sexual conduct between brothers and sisters but also sexual conduct between persons who know they are the

parent or stepparent of another person who is over 18 years of age, the legislature created a new offense: sexual relations within families. (Ill. Rev. Stat. 1985, ch. 38, par. 11—11.) Sexual conduct between any person and their "daughter" or "step-daughter" or "son" or "stepson" was previously punished only if the child was under the age of 18. Ill. Rev. Stat. 1981, ch. 38, par. 11—10.

Pointing to the 1984 acts which amended section 11—11, the defendant argues that the legislature did not intend to include stepparent-stepchild relationships within the purview of the statute. The 1984 amendments (Pub. Acts 83—1067, 83—1117) created not only the offense of sexual relations within families (Ill. Rev. Stat. 1985, ch. 38, par. 11—11), but also created the offenses of criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse, and aggravated criminal sexual abuse. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13 through 12—16.) The term "family member" was broadly defined for purposes of these four offenses and includes in the definition the words "step-grandparent" and "step-parent," along with "step-child." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(c).) The defendant argues that because the legislature limited this definition to sections 12—12 through 12—18 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—12 through 12—18), the legislature intended to exclude the stepparent-stepchild relationship from the offense of sexual relations within families.

The fundamental principle of statutory construction is to give effect to the intent of the legislature. (*People v. Haywood* (1987), 118 Ill. 2d 263, 271; *People v. Richardson* (1984), 104 Ill. 2d 8, 15.) In determining legislative intent, the court should consider not only the language of the statute, but also the "reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained." (*Haywood*, 118 Ill. 2d at 271 (quoting *People v. Steppan* (1985), 105 Ill. 2d 310, 316).)

We find it significant that the legislature, in amending section 11—11, rewrote the statute to protect both a "child" or a "stepchild" over the age of 18 from an act of sexual penetration by a "person [who] knows that he or she is related to the other person as follows: *** child or stepchild." (Ill. Rev. Stat. 1985, ch. 38, par. 11—11(a)(2).) The words "father or mother" are a partial description of persons who know they are related to their children or stepchildren. Although not enunciated in the statute in effect at the time of the defendant's trial, stepparents are clearly within the group of persons covered by the statute if they know that the victim is their stepchild. As former section 11—11 applied only to a brother-sister relationship (Ill. Rev. Stat. 1981, ch. 38, par. 11—11) and the former aggravated incest statute applied only to children and stepchildren under 18 years of age (Ill. Rev. Stat. 1981, ch. 38, par. 11—10), the legislature, in creating the offense of sexual relations within families, obviously intended to punish not only sexual conduct among family members under the age of 18 (prohibited under section 12—13 (Ill. Rev. Stat. 1985, ch. 38, par. 12—13)), but also family members who engage in sexual conduct with their children or stepchildren over the age of 18. The object and purpose of the law, to prohibit acts of sexual penetration by people who know that they are related to their children or stepchildren, would be narrowed if the statute were read to exclude the stepparent-stepchild relationship. Because stepparents are clearly within the group of persons covered by the statute if they knew that the other person was their stepchild, we believe the legislature intended section 11—11 to include "stepparents," even though that specific word was not included. Moreover, if the intent and purpose of the legislature can be determined from a statute, "words may be modified, altered, or even supplied so as to obviate any repugnancy or inconsistency with the legislative

intention." (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, quoting *Community Consolidated School District No. 210 v. Mini* (1973), 55 Ill. 2d 382, 386; see also *People v. Scott* (1974), 57 Ill. 2d 353, 358 ("The judiciary possesses the authority to insert language into a statute that has been omitted through legislative oversight").) It is clear that the legislature intended the statute to apply to stepparents, and we believe therefore that stepfathers and stepmothers are included within the purview of the statute.

Our conclusion is further buttressed by the subsequent amendment of section 11—11 in 1986, which may be an appropriate source in determining legislative intent. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543; *People v. Scott* (1974), 57 Ill. 2d 353, 358.) The version of section 11—11 in effect at the time of the defendant's trial was amended, effective August 15, 1986 (Pub. Act 84—1280), and the pertinent part of the statute now in effect reads:

> "(2) The person knows that he or she is related to the other person as follows: *** (iii) Stepfather or step-mother, when the stepchild was 18 years of age or over when the act was committed." Ill. Rev. Stat., 1986 Supp., ch. 38, par. 11—11(a)(2).

Although the defendant correctly notes that an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed, "the presumption is not controlling [citations] and may be overcome by other considerations." (*People v. Nunn* (1979), 77 Ill. 2d 243, 248.) The circumstances surrounding the amendment should be considered and:

> "If they indicate that the legislature intended only to interpret the original act, the presumption of an intention to change the law is rebutted. Usually, an amendment of an unambiguous statute indicates a purpose to change the

law, but no such purpose is indicated by the amendment of an ambiguous provision." (*People v. Youngbey* (1980), 82 Ill. 2d 556, 563.)

The 1986 amendment of section 11—11 is consistent with our interpretation of section 11—11 in effect at the time of the defendant's trial. Although we do not believe that section 11—11 in effect at the time of the defendant's trial is ambiguous, we believe that the legislature did not intend by the 1986 amendment to create a new offense not punishable by the prior statute. As our earlier discussion pointed out, the legislature, in the 1984 amendments to section 11—11, intended to punish conduct which was previously unpunished and further intended to prohibit stepparents, as well as parents, from engaging in sexual conduct with their stepchildren over the age of 18. The amendment simply provides a fuller description of persons who know that they are related to their children or stepchildren. The language in *Youngbey* indicates that usually the amendment of an unambiguous statute indicates a purpose to change the law. We do not believe that the legislature should be precluded from later clarifying an already unambiguous law to confirm its earlier intent, without being held to have thereby intended to change the law. We believe, therefore, that the amendment, by adding the words "stepfather" and "stepmother," did not substantively change the law, but provided a fuller description of the group of persons who know they are related to their child or stepchild.

The defendant argues that the language of the statute creates an ambiguous and irreconcilable conflict; the term "stepchild," he argues, cannot be reconciled with the phrase, "regardless of legitimacy and either of the whole blood or half-blood or by adoption." The defendant correctly notes that "half-blood" refers solely to brothers or sisters and is an inapplicable reference to "stepchild." (See Black's Law Dictionary 157 (5th ed. 1979).)

Because the term "half-blood" also cannot be applied to the term "child," its inclusion in the statute does not create any ambiguity. The words "legitimacy" and "whole blood" are also an inapplicable reference to the word "stepchild," as they can only describe the relationship of a child to its parents or a child to its siblings. The words "child" and "stepchild" are separated by the word "or," however, and the modifying provisions do not have to apply to both subjects. Further, if the intent of the legislature is determined, "words may be declared mere surplusage to give effect to the legislative intent." *People v. Todd* (1975), 59 Ill. 2d 534, 543.

The defendant argues that because stepparent-stepchild marriages are not expressly prohibited under section 212 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 212), the legislature could not have intended to include such a relationship under the offense of sexual conduct within families. Because we are not presented with the question, we decline to address this issue other than to note that we do not believe that the fact that the legislature has not expressly prohibited stepparent-stepchild marriages under the marriage statute evinces a legislative intent to exclude stepparents from an otherwise prohibited relationship.

The defendant asserts that a criminal statute must be strictly construed in favor of the accused and that nothing is to be taken by intendment or implication against a defendant beyond the obvious and literal meaning of the statute. (Citing *People v. Christensen* (1984), 102 Ill. 2d 321; *People v. Isaacs* (1967), 37 Ill. 2d 205.) He contends, therefore, that because the statute is ambiguous, it must be resolved in his favor.

While penal statutes are to be strictly construed in favor of an accused, they must not be construed so rigidly as to defeat the intent of the legislature. (*People v.*

*Haywood* (1987), 118 Ill. 2d 263, 271; *People v. Bratcher* (1976), 63 Ill. 2d 534, 543; see A. Sutherland, Statutory Construction §59.06, at 35 (4th ed. 1986).) It is obvious from a reading of the statute under which the defendant was convicted that the legislature intended to prohibit acts of sexual penetration, as defined in the statute, when the person who commits the act knows that the other person is related as a child or stepchild.

Because the defendant was proven guilty of the offense beyond a reasonable doubt, the judgment of the appellate court is reversed and the judgment of the circuit court of Peoria County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE CLARK, specially concurring:

Although I agree with the decision reached by the majority, I do not agree that it is necessary to rely on the subsequent legislative amendment to the statute. As I noted in my dissent in *People v. Hicks* (1987), 119 Ill. 2d 29, there is an inherent problem in attempting to interpret legislative intent based on the subsequent action of a later legislature. (119 Ill. 2d at 39.) The continually changing membership of the legislature "impels us to seek 'intent' in the objective words of its statutes, as informed by our own judgment and common sense, rather than in the inevitably subjective thoughts of individual members." 119 Ill. 2d at 39.

The statute here in question is printed in the majority opinion (123 Ill. 2d at 207-08). We are confronted with the interpretation of this specific statute in effect in 1985; the fact that it was subsequently amended, absent a finding that the statute was unconstitutionally vague, need not impact our decision.

While the State argues that the meaning of the statute is clear, the defendant alleges that the language is

ambiguous. While the statute may be imprecisely drafted, I do not believe that it is void due to ambiguity or vagueness. What is required of a penal statute is that it convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States v. Petrillo* (1947), 332 U.S. 1, 8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538, 1542.

Justice Marshall noted in *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294, that as long as we are "[c]ondemned to the use of words, we can never expect mathematical certainty from our language." (408 U.S. at 110, 33 L. Ed. 2d at 228-29, 92 S. Ct. at 2300.) *Grayned* involved interpretation of a Rockford antinoise ordinance which restricted activities which "tend to disturb the peace" around a school. In upholding the ordinance, the Court noted that it was "clear what the ordinance as a whole prohibits" (408 U.S. at 110, 33 L. Ed. 2d at 229, 92 S. Ct. at 2300) and that it served as fair notice to those to whom it was directed. In so holding, the Court recognized that the ordinance "may not be as precise" as other statutes which the Court had upheld but that it "clearly 'delineates its reach in words of common understanding.' " 408 U.S. at 112, 33 L. Ed. 2d at 230, 92 S. Ct. at 2301.

I turn now to applying the *Grayned* principles to the statute here in question, being also cognizant of the necessity of strictly construing criminal statutes in favor of the accused. (*People v. Foster* (1983), 99 Ill. 2d 48, 55.) The question thus becomes one of whether, within common understanding and practices, the defendant was sufficiently warned that his activities were proscribed by the statute.

One of the activities which the statute prohibits is sexual relations within families when the person "knows that he or she is related to the other person as follows: *** Father or mother, when the child or stepchild ***

was 18 years of age or over." (Ill. Rev. Stat. 1985, ch. 38, par. 11—11(2).) Both children and stepchildren are protected by this statute. A person is not a stepchild in a vacuum—it is a relationship created between two people. To speak of a stepchild in a family setting implies the existence of a stepparent. When confronted with an implication in statutory language, "[t]he usual standard used to interpret a statute *** is *** to determine if the statute embraces such consequential applications and effects as are necessary, essential, natural or proper." (2A A. Sutherland, Statutory Construction §55.03, at 602 (4th ed. 1984).) The mere existence of the person referred to as a stepchild necessarily, naturally and properly implies the existence of a stepparent. The protection afforded the stepchild may not be removed merely because the legislature was not as precise in its use of language as one might have wanted. Imprecision does not equate with ambiguity nor does it necessitate reliance on subsequent statutory amendments.

For these reasons, I specially concur.