THE SECRETARY OF STATE, Plaintiff-Appellant, v. EDWARD MI-KUSCH *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0499

Opinion filed March 2, 1989.—Modified on denial of rehearing May 5, 1989.

Steven Nardulli and Daniel Maher, both of Stratton, Dobbs, Nardulli & Lestikow, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellee Human Rights Commission.

Richard F. McPartlin, of Chicago, and Wayne Klocke, of Long, Rabin & Young, Ltd., of Springfield, for other appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Secretary of State (Secretary), pursuant to section 2—115 of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 2—115), retired the individual defendants, investigators within the Secretary's office, who had reached the age of 60. Individual defendants filed a charge of discrimination with the Illinois Depart-

ment of Human Rights, alleging the Secretary discriminated against them on the basis of age. The Illinois Human Rights Commission (Commission) held section 2—115 of the Vehicle Code, which compels the Secretary to retire investigators upon their reaching age 60, in irreconcilable conflict with the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 et seq.). Accordingly, the Commission found that the Secretary discriminated on the basis of age. (In re Mikusch, 17 Ill. Hum. Rights Comm'n Rep. 241 (1985).) On administrative review, the circuit court of Sangamon County initially reversed the determination of the Commission; however, upon a motion for reconsideration, the circuit court affirmed the Commission's determination. The Secretary appeals from the circuit court's order.

We reverse.

On June 20, 1979, section 2—115 of the Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 2—115) was amended to mandate the age-60 retirement of Secretary of State investigators. The section as amended became effective October 1, 1979. In pertinent part, the amended section 2—115 provided:

> "No person may be retained in service as an investigator under this Section after he has reached 60 years of age." Ill. Rev. Stat. 1981, ch. 95½, par. 2—115.

The same General Assembly which amended section 2—115 of the Vehicle Code also created the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 et seq.) on November 8, 1979. The Act became effective July 1, 1980. The Act replaced "An Act to prohibit unjust discrimination in employment because of age ***" (Ill. Rev. Stat. 1979, ch. 48, pars. 881 through 887), which became effective July 26, 1967, and was repealed effective July 1, 1980 (Ill. Rev. Stat. 1981, ch. 48, pars. 881 through 887), the day the Act became effective. The Act, as it existed when the action which led to this cause occurred, provided that it is a civil rights violation:

> "For any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A).)

The Act defined unlawful discrimination as

> "discrimination against a person because of his or her *** age." (Ill. Rev. Stat. 1981, ch. 68, par. 1—103(Q).)

The Act further provided:

> " 'Age' means the chronological age of a person who is 40 but

not yet 70 years old." Ill. Rev. Stat. 1981, ch. 68, par. 1–103(A).

On July 1, 1981, the Secretary informed defendant Edward Mikusch that he was to be retired on September 14, 1981, Mikusch's sixtieth birthday, according to the legislative mandate of the Vehicle Code. The notice quoted the recently amended section 2–115 of the Vehicle Code and stated:

"According to our records, you will be 60 years of age on September 14, 1981 thus requiring your mandatory retirement effective as of the close of business that date."

Similar letters were sent to other individual defendants from the Secretary's office.

In August 1981, Mikusch and defendants George Bender, Walter Jackson, Charlie Clark, Russell Watier, Raymond Wood, Joseph Dembinski, and Theodore Pladis submitted charges to the Illinois Department of Human Rights alleging that the mandatory retirement of the Secretary's investigators at age 60, pursuant to section 2–115 of the Vehicle Code, constituted discrimination in violation of section 2–102 of the Act. The Department of Human Rights filed a complaint on behalf of the individual defendants. Mikusch and Bender had been retired at that date. The remaining individual defendants had not been forced to retire, but anticipated that they would also be required to retire.

In a motion to dismiss the investigators' complaints, the Secretary raised the issue with regard to the disparate provisions of the Vehicle Code's age-60 mandate and the Act. By order dated December 28, 1982, the administrative law judge (ALJ) denied the Secretary's motion to dismiss. The complaints then went to hearing and the ALJ found for the defendants. The ALJ's decision was approved by the Commission. The Secretary sought review under the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3–101 *et seq.*). The circuit court originally reversed the Commission's decision and ordered the human rights complaints dismissed. The individual defendants filed a motion to reconsider, and the circuit court reversed itself and found the Vehicle Code and the Act in irreconcilable conflict. The Secretary then appealed to this court.

■ The Commission initially construed the two statutes at issue. An agency's construction of a statute is considered persuasive, but not binding. *Gonzales-Blanco v. Clayton* (1982), 110 Ill. App. 3d 197, 206, 441 N.E.2d 1308, 1315, *appeal after remand* (1983), 120 Ill. App. 3d 848, 458 N.E.2d 1156.

■ In matters of statutory construction, the intent of the legislature should be determined and given effect. (*People v. Parker* (1988),

123 Ill. 2d 204, 209, 526 N.E.2d 135, 137.) In construing a statute, a court must consider the language as well as the reason and necessity for the law, the evils to be remedied, and the statute's objects and purposes. (*Parker*, 123 Ill. 2d at 209, 526 N.E.2d at 137.) Also, the nature and consequences of a particular construction must be considered while interpreting a statute. *Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 313, 527 N.E.2d 1264, 1269.

Section 6 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1105) states in pertinent part:

> "Two or more Acts which relate to same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. The Act last acted upon is determined by reference to the final legislative action taken by either house of the General Assembly."

The individual defendants and the Commission argue that the two provisions passed by the same General Assembly and at issue here are irreconcilable. The Secretary claims that both acts can be construed together. The circuit court agreed with defendants, but we cannot agree. Our supreme court has held that two statutes pertaining to the same subject matter passed at the same legislative session will both be upheld unless they are so antagonistic that both cannot operate. (*S. Buchsbaum & Co. v. Gordon* (1945), 389 Ill. 493, 59 N.E.2d 832.) We do not find the two acts at issue here so antagonistic that both cannot operate.

The Illinois Pension Code (Pension Code) (Ill. Rev. Stat. 1985, ch. 108½, par. 1—101 *et seq.*), which applies to the Secretary's employees under article 14 of the Pension Code (Ill. Rev. Stat. 1985, ch. 108½, pars. 14—101 through 14—151), was amended in 1984, after enactment of the Act. This amendment stated in pertinent part:

> "(5) The term 'investigator for the Secretary of State' means any person employed by the Investigation Division of the Office of the Secretary of State and vested with such investigative duties as render him ineligible for coverage under the Social Security Act by reason of Sections 218(d)(5)(A), 218(d)(7), 218(d)(8)(D) and 218(p)(1) of that Act.
>
> A person who became employed as an investigator for the Secretary of State between January 1, 1967 and December 31, 1975, and who has served as such until attainment of age 60,

either continuously or with a single break in service of not more than 3 years duration, which break terminated before January 1, 1976, shall be entitled to have his retirement annuity calculated in accordance with subsection (a), notwithstanding that he has less than 20 years of credit for such service." (Ill. Rev. Stat. 1985, ch. 108½, par. 14—110(c)(5).)

This amendment removed the requirement that an investigator must have 20 years of service to receive the enhanced pension that is available to investigators at their age-60 retirement.

■ The Secretary argues that mandatory retirement at age 60 is an exception to the Act because the legislature referred to age-60 retirement in the amendment to the Pension Code, and this is legislative intent to maintain the age-60 retirement requirement for the Secretary's investigators despite the provisions of the Act which refer to age discrimination. We agree. When the legislature enacts statutory law, it is presumed they do so with knowledge of the law as it existed prior to their action. (*Nardi v. Segal* (1967), 90 Ill. App. 2d 432, 437, 234 N.E.2d 805, 808.) Additionally, when the General Assembly amended section 2—115 of the Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 2—115), although more than four months prior to the creation of the Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), "An Act to prohibit unjust discrimination in employment because of age ***" (Ill. Rev. Stat. 1979, ch. 48, pars. 881 through 887) was still in effect. Therefore, the age-60 retirement mandate of section 2—115 was enacted by a legislature which we conclude had knowledge of statutory language which explicitly prohibited age discrimination in employment. The 1984 amendment to the Pension Code referred to reaffirms that legislative knowledge, purpose, and intent.

The Commission notes that the Act enumerates several exceptions to its provisions. In pertinent part, section 2—104(A) of the Act provides:

"Exemptions. Nothing contained in this Act shall prohibit an employer, employment agency or labor organization from:

(A) Bona Fide Qualification. Hiring or selecting between persons for bona fide occupational qualifications or any reason except those civil-rights violations specifically identified in this Article." Ill. Rev. Stat. 1981, ch. 68, par. 2—104(A).

The Commission and individual defendants claim the only exception to the Act the Secretary may claim is that age 60 is a *bona fide* occupational qualification. The Commission argues the inclusion in the Act of exceptions to its provisions implies the exclusion of any other exceptions. We cannot agree; as indicated previously, the legislature

amended a statutory scheme pertaining to investigators and did not eliminate the age-60 retirement requirement, but referred to it in the amendment which was passed after the effective date of the Act.

The Act was amended in 1987 and states that nothing contained in the Act shall prevent the employer from:

"Imposing a mandatory retirement age for firefighters or law enforcement officers if prior to December 31, 1993, the law enforcement officer or firefighter has attained the age of retirement in effect under applicable state or local law on March 3, 1983 and if such retirement action is taken pursuant to a bona fide retirement plan. This paragraph (G) shall not apply with respect to any cause of action arising under the Illinois Human Rights Act as in effect prior to the effective date of this amendatory Act of 1987." Ill. Rev. Stat. 1987, ch. 68, par. 2—104(7).

The Commission states that this was amendment of an unambiguous statute and as such is strong evidence of an indication to change the law. (*Parker*, 123 Ill. 2d at 211-12, 526 N.E.2d at 138.) Therefore, the Commission claims that section 2—115 of the Vehicle Code is not an exception to the Act because no exception other than the *bona fide* occupational qualification existed until the legislature amended section 2—104 of the Act. The amendment explicitly states that it does not apply to any cause of action which arose prior to the effective date of the amendment, December 3, 1987, which includes this case. We find, however, as the Secretary claims, that this amendment is indicative of legislative intent to clarify existing law. (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 1041, 492 N.E.2d 622, 627.) This amendment clarifies the legislature's intent to require age-60 retirement for the Secretary's investigators. Although the amendment to section 2—104 of the Act arose subsequent to the cause of action in this case, subsequent amendments may be appropriate sources in determining legislative intent. *Parker*, 123 Ill. 2d at 210-11, 526 N.E.2d at 138.

■■■ The Secretary and the Commission agree that specific statutory provisions must prevail over general statutory provisions. (*People v. Singleton* (1984), 103 Ill. 2d 339, 345, 469 N.E.2d 200, 203.) The Secretary argues that the Vehicle Code is more specific than the Act because the Vehicle Code has explicit language which governs the Secretary's investigators while the Act speaks of employers and employees in general. The Commission and the individual defendants, on the other hand, argue that the Act is more specific than the Vehicle Code because the Act deals with discrimination while the Vehicle Code deals primarily with motor vehicles. We find that the Vehicle Code and Pension Code are a more specific statutory scheme for the regulation

of the Secretary's investigators than is the Act. Therefore, the Vehicle Code's retirement age governs the Secretary's investigators.

In addition to their irreconcilable conflict argument, the individual defendants and the Commission argue that the Code violates the Federal Age Discrimination in Employment Act (ADEA) (29 U.S.C. §621 *et seq.* (1982 & Supp. IV 1986)) and the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2). Section 623(a) of the ADEA states:

"It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." (29 U.S.C. §623(a) (1982).)

Section 623(f) of the ADEA exempts from the ADEA *bona fide* occupational qualifications (29 U.S.C. §623(f)(1) (Supp. IV 1986)) and retirement plans which are not subterfuges to evade the purposes of the ADEA (29 U.S.C. §623(f)(2) (1983)). Section 623(i) of the ADEA (29 U.S.C. §623(i) (Supp. IV 1986)) also provides an exemption for fire fighters and law enforcement officers similar to the exemption found in the Act.

■ We realize that when a clear conflict exists between State and Federal statutes, State legislation is void. A conflict exists where compliance with both the Federal and State regulations is a physical impossibility. (*Edgar v. Mite Corp.* (1982), 457 U.S. 624, 631, 73 L. Ed. 2d 269, 276, 102 S. Ct. 2629, 2635.) Such a conflict, however, does not exist here.

We conclude that section 2—115 of the Illinois Vehicle Code and the Illinois Human Rights Act are not in irreconcilable conflict but are intended by the legislature to be separate provisions which can be construed together. Therefore, the order of the circuit court of Sangamon County granting the individual defendants' motion to reconsider and vacate judgment is reversed.

Reversed.

LUND and KNECHT, JJ., concur.