THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CAROL A. MEYER, Defendant-Appellant.

Third District   No. 3—89—0403

Opinion filed May 18, 1990.

Catherine Fitzsimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Elizabeth A. Klug, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Carol Meyer, appeals from her conviction of solicitation of murder for hire. Following a jury trial, the defendant was sentenced to 22 years' imprisonment. We affirm.

The evidence at trial established that the defendant spoke to prison inmate Gerald Williams about hiring someone to murder Diana Meyer, the wife of her ex-husband. Williams said that he knew some-

one who would do the job, but he needed more information. After further conversations and correspondence with the defendant, Williams decided to inform the police about the defendant's plan.

Thereafter, the police submitted an application for an eavesdropping order in Randolph County, Illinois. The application stated that Williams told the police that:

"(1) in July or August, 1988, the defendant had asked him to arrange the murder of her ex-husband's current wife, Diana Meyer;

(2) the defendant had sent him several letters, the last of which was postmarked January 10, 1989, making reference to arrangements to have Diana Meyer killed;

(3) on January 22, 1989, Williams advised the defendant that the murder of Diana Meyer would cost $5,000; and

(4) the defendant agreed to that price."

Based on this application, the eavesdropping order was issued which resulted in a taped telephone conversation between Williams and the defendant. During the conversation, Williams arranged for someone named "Gary" to call the defendant on February 2, 1989, about killing Diana Meyer. On February 2, 1989, pursuant to a second eavesdropping order issued in Peoria County, Agent Frank Walter contacted the defendant by telephone stating that he was "Gary" and arranged to meet the defendant that day in room 112 of the Junction City Inn in Peoria, Illinois. Subsequently, a sting operation was set up at the Junction City Inn. Both audio and video recordings were made of the defendant, who stated that she was sure she wanted Diana Meyer killed and agreed to pay Agent Walter $5,000 to kill Diana Meyer. The defendant stated that she wanted something done to Diana Meyer's car because she wanted her daughter back. The defendant was arrested immediately upon leaving the room. All of the audio and video recordings were played during the jury trial.

On appeal, the defendant raises two issues: (1) whether the trial court erred in denying the defendant's motion to suppress the original application for the telephonic eavesdropping order since reasonable cause was not established to support the order; and (2) whether the sentencing scheme for the solicitation of murder for hire statute is constitutionally disproportionate with the sentencing scheme for the attempted first degree murder statute. We find that the initial order for the telephonic eavesdropping was supported by reasonable cause. Further, we find that the penalty provision of the solicitation of murder for hire statute is not unconstitutionally disproportionate.

The defendant first argues that pursuant to section 108A—1 of

the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 108A–1), that the original application for a telephonic eavesdropping order filed in Randolph County failed to establish reasonable cause to believe that the defendant is committing, has committed, or is about to commit a felony. The State concedes that if the initial Randolph County eavesdropping order was improper, the subsequent Peoria County eavesdropping orders would also be improper and the "fruit of the poisonous tree" doctrine would apply. The defendant maintains that in order to establish reasonable cause, the reliability of Williams' hearsay statements in the application for the initial eavesdropping order must be verified and corroborated.

■■ The proper test for determining whether reasonable cause is established through the hearsay statements of an informant was set forth in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, where the Court adopted the totality-of-the-circumstances test:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Gates*, 462 U.S. at 238, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332.)

The trial court in the present action found that the information contained in the original application for an eavesdropping order was sufficiently detailed to be self-corroborating and that the totality-of-the-circumstances test was met. We agree.

■■ ■ It is well settled that a reviewing court will not disturb the circuit court's finding on a motion to suppress unless that finding is determined to be manifestly erroneous. (*People v. Reynolds* (1983), 94 Ill. 2d 160.) In the case at bar, Williams' information was gathered from his direct contact with the defendant, in the form of personal visits and letters. The original application for an eavesdropping order set forth the following: a meeting held in August or July where the defendant told Williams she wanted Diana murdered; a January 10, 1989, letter making references to the arrangements to have Diana killed; and a January 22, 1989, conversation where the defendant agreed to pay $5,000 for the murder of Diana. Based on these specific allegations, we cannot find that it was manifestly erroneous for the trial court to conclude that reasonable cause existed for an eavesdropping order.

The defendant relies heavily on this court's recent ruling in *People*

*v. Adams* (1988), 169 Ill. App. 3d 284, wherein this court found that the trial court erred in denying a motion to suppress where police officers, who had a description of a defendant's automobile and license plate number and a tip that he was driving back from Kentucky with cocaine, stopped the defendant's automobile and seized drugs. (*People v. Adams* (1989), 131 Ill. 2d 387, *aff'g People v. Adams* (1988), 169 Ill. App. 3d 284.) This court found reasonable cause did not exist since the informant who supplied the tip was to be paid, had never provided information to the police before, and because the informant's tip was not independently verified. We find that *Adams* is distinguishable from the instant case on the basis that the informant in *Adams* was paid, that the informant was not disclosed, and that the informant's basis of knowledge of the defendant's alleged criminal activity was not established. Here, Williams was not a paid informant, Williams was disclosed, and the basis of Williams' knowledge was through direct contact with the defendant.

■■ The defendant next contends that the penalty provision of the solicitation of murder for hire statute (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 8—1.2(b)) violates her constitutional right to due process and equal protection because it provides for a greater penalty than provided for attempted first degree murder (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(c)(1), 1005—8—1(a)(3)). The penalty range for the solicitation statute is 20 to 40 years, and the penalty range for the attempted murder statute is 6 to 30 years.

It is well settled that the General Assembly has the authority to set the nature and extent of penalties. (*People v. Harmison* (1985), 108 Ill. 2d 197.) Further, the primary purpose of statutory construction is to ascertain the legislative intention, and courts will not only consider the language used, but also the evil sought to be remedied and the object to be attained. (*People v. Parker* (1988), 123 Ill. 2d 204.) We find that the legislature could have properly determined that it wanted to punish more severely crimes committed for hire. Therefore, we hold that the statutory sentencing scheme between the two offenses is not unconstitutionally disproportionate.

For all the foregoing reasons, we affirm the decision of the circuit court of Peoria County.

Affirmed.

SCOTT and STOUDER, JJ., concur.