568 N.E.2d 952 (1991)
210 Ill. App.3d 110
154 Ill.Dec. 731
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Danny R. CORNETT, Defendant-Appellee.
No. 2-90-0450.
Appellate Court of Illinois, Second District.
March 7, 1991.
Dennis Schumacher, Ogle County State's Atty., Daniel P. Merriman, Asst. State's Atty., Oregon, William L. Browers, Deputy Director, Lawrence M. Bauer, State's Attys. Appellate Prosecutor, Elgin, for the People.
Stephen C. Pemberton, Milo W. Miller, Williams & McCarthy, P.C., Oregon, for Danny R. Cornett.
Justice GEIGER delivered the opinion of the court:
The State appeals from an order of the circuit court which dismissed an information charging the defendant, Danny Cornett, with the offense of driving while his license was revoked (Ill.Rev.Stat.1989, ch. 95½, par. 6-303(d)). The State raises one issue on appeal: whether the trial court erred in determining that section 6-303(d) of the Illinois Vehicle Code (Vehicle Code) (Ill.Rev.Stat.1989, ch. 95½, par. 6-303(d)) did not permit the State to use the violation of a local ordinance prohibiting driving while one's license is revoked to enhance a violation of section 6-303(c) to a Class 4 felony under section 6-303(d) of the Vehicle Code. We will summarize those facts necessary to resolve the issue raised in this appeal.
The defendant was charged in the circuit court of Ogle County with the violation of section 6-303(d) of the Vehicle Code (Ill. Rev.Stat.1989, ch. 95½, par. 6-303(d)), because he was seen driving a vehicle on December 16, 1989, while his license was revoked. At the preliminary hearing, the State maintained that the defendant could be convicted under section 6-303(d) because he had a previous conviction of a local ordinance violation of driving while his license was revoked. The court took judicial notice of case No. 87-TR-5530, a prosecution *953 filed by the City of Rochelle charging the defendant with the offense of driving while his license was revoked, in violation of the Rochelle Municipal Code (municipal code). The defendant was convicted of that offense on January 15, 1988.
The court found that there was probable cause to believe that the defendant was driving while his license was revoked. The defendant then made an oral motion to dismiss the section 6-303(d) charge on the ground that he did not have a prior conviction under section 6-303(c) of the Vehicle Code (Ill.Rev.Stat.1989, ch. 95½, par. 6-303(c)). The court construed section 6-303(d) as excluding local ordinance violations from enhancing an offense under section 6-303(c) to a felony. The court concluded that the legislature could have specifically included local ordinance violations in section 6-303(d), but chose not to do so. Thus, the court found that there was no probable cause to believe that the defendant committed a felony, and it granted the defendant's motion to dismiss the section 6-303(d) charge.
The State filed a motion to reconsider the dismissal. The State asserted that the local ordinance violation conviction did constitute a prior conviction for purposes of section 6-303(d) because the City of Rochelle incorporated the Vehicle Code into the municipal code, and, therefore, conviction of the local ordinance charge was the same as conviction of a State offense under section 6-303(c). The State attached to the motion a certificate from the Secretary of State which certified that an order of revocation was entered against the defendant on January 29, 1987, which was in effect on December 16, 1989. The defendant had been issued a restricted driving permit on July 31, 1989. The State also included a copy of the order of revocation, a copy of the restricted driving permit, a copy of the Rochelle complaint and the court record. In addition, the State attached a copy of the defendant's driving abstract, which showed that, on January 12, 1987, the defendant was convicted of the offense of driving under the influence of alcohol (Ill.Rev.Stat. 1989, ch. 95½, par. 11-501), and his license was revoked on January 29, 1987. The abstract further showed that on January 1, 1988, defendant was convicted of violating section 6-303.
Finally, the State attached a copy of the Rochelle ordinance, which provided that in March 1983 Rochelle "adopted cerain [sic] provisions of the Illinois Vehicle Code by reference, and this ordinance is codified as Section 10.08.010 of the Rochelle Municipal Code." The ordinance further stated that since the Vehicle Code had been amended since 1983, the city council amended section 10.08.010 of the municipal code as follows:

"The Illinois Vehicle Code, Snowmobile Registration and Safety Act, and Child Passenger Protection Act codified as Section 95½ [sic] of the Illinois Revised Statutes, is hereby incorporated by this reference, as though full [sic] set forth herein." (Rochelle, Ill., Municipal Code § 10.08.010 (1986).)
Section 10.08.020 of the municipal code was amended to provide:
"Any person violating the provision of the Illinois Vehicle Code, Snowmobile Registration and Safety Act, and Child Passenger Protection Act, adopted by Section 10.08.010 shall, upon conviction, be punished as follows:
a. For the offense of Driving while under the influence of alcohol, other drug, or combination thereof, 11-501; Every person convicted of violating this Section shall be guilty of a Class A misdemeanor with a sentence of a fine of up to $1,000 and up to 1 year imprisonment, * * * for any second or subsequent conviction of violating this Section committed within 5 years of a previous violation of this Section shall be mandatorily sentenced to a minimum of 48 consecutive hours of imprisonment or assigned to a minimum of 10 days community service as may be determined by the Court. * * *
b. If the Illinois Vehicle Code, Snowmobile Registration and Safety Act, and Child Passenger Protection Act has [sic] incorporated a mandatory penalty provision into a particular section then that penalty provision shall apply.
c. If the mandatory penalty provisions of (a) and (b) above do not apply, *954 then the punishment provisions of section 10.12.050 shall apply." (Rochelle, Ill., Municipal Code § 10.08.020 (1986).)
The ordinance was published on August 19, 1986.
After a hearing, the court denied the State's motion to reconsider. The State timely filed its appeal pursuant to Supreme Court Rule 604(a) (134 Ill.2d R. 604(a)).
The State contends that the trial court erred in granting the defendant's motion to dismiss based on the determination that section 6-303(d) did not permit the State to use the violation of a local ordinance prohibiting one from driving with a revoked license to enhance a violation of section 6-303(c) to a Class 4 felony under section 6-303(d). Section 6-303(d) provides in relevant part:
"Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar provision of a local ordinance." (Ill.Rev.Stat.1989, ch. 95½, par. 6-303(d).)
The State argues that if the municipal code incorporates the Vehicle Code and encompasses provisions identical to section 11-501 (Ill.Rev.Stat.1989, ch. 95½, par. 11-501), then the defendant had a prior revocation based on a "similar provision of a local ordinance."
The defendant responds that the State's focus is on the wrong part of section 6-303(d). According to the defendant, the language referring to "a similar provision of a local ordinance" is applicable only to the underlying basis of the original revocation. See Ill.Rev.Stat.1989, ch. 95½, par. 6-303(d).
The issue in this case turns on the interpretation of a statute. The proper interpretation of a statute must reflect the intent of the legislature. (People v. Parker (1988), 123 Ill.2d 204, 209, 121 Ill.Dec. 941, 526 N.E.2d 135.) This intent may be discerned from the statutory language itself and the purpose of the legislation. (People v. Haywood (1987), 118 Ill.2d 263, 271, 113 Ill.Dec. 236, 515 N.E.2d 45.) Where the intent of the legislature is clear from the unambiguous language used in the statute, it must be given effect as written, without resorting to any aids of construction. People v. Bryant (1989), 128 Ill.2d 448, 455, 132 Ill.Dec. 415, 539 N.E.2d 1221.
The State argues that the language of section 6-303(d) is not ambiguous and that it clearly allows a local ordinance conviction to suffice for purposes of enhancing a violation under section 6-303(c) to a felony. We agree with the State that the language of section 6-303(d) is unambiguous. We do not agree, however, with the State's interpretation of that language.
Section 6-303 of the Vehicle Code provides for enhancement to a Class 4 felony when a person has been "convicted of a second or subsequent violation of this Section." (Emphasis added.) (Ill.Rev.Stat. 1989, ch. 95½, par. 6-303(d).) It does not state that a violation of the section also can be enhanced by a prior violation of a similar local ordinance. Thus, the plain language of the statute supports the trial court's conclusion that a local ordinance violation cannot be the basis of enhancement under section 6-303(d).
Even looking beyond the language of subsection (d) and considering section 6-303 as a whole, we conclude that the State's position is without merit. A statute should be interpreted as a whole (People v. Jordan (1984), 103 Ill.2d 192, 206, 82 Ill. Dec. 925, 469 N.E.2d 569), so that no part of it is rendered meaningless or superfluous (People v. Singleton (1984), 103 Ill.2d 339, 345, 82 Ill.Dec. 666, 469 N.E.2d 200). An examination of section 6-303 reveals that the legislature specifically mentioned local ordinance violations by providing that when the local ordinance is similar to sections 11-401 or 11-501 of the Vehicle Code, the resulting suspension or revocation of an offender's license is sufficient to support a section 6-303(c) conviction. (Ill.Rev. Stat.1989, ch. 95½, par. 6-303(d); see also Ill.Rev.Stat.1989, ch. 95½, pars. 6-303(c)(1), (c)(2).) Section 6-303(d) also specifically refers to local ordinances, but in the context of the underlying basis for the revocation. (Ill.Rev.Stat.1989, ch. 95½, par. 6-303(d).) The State's interpretation would render superfluous *955 the phrase "or a similar provision of a local ordinance" as used in subsections (c)(1), (c)(2) and (d) of section 6-303. See Ill.Rev.Stat.1989, ch. 95½, pars. 6-303(c)(1), (c)(2), (d).
The State argues that interpreting the statute to mean what it says would nullify the purpose and objectives of section 6-303(d). While the judiciary has the authority to read language into a statute which has been omitted through legislative oversight, this authority must be used cautiously in criminal cases where statutes must be construed strictly in favor of the accused. (People v. Chandler (1989), 129 Ill.2d 233, 253-54, 135 Ill.Dec. 543, 543 N.E.2d 1290.) We do not believe it is appropriate to add words to section 6-303(d) because the legislature considered local ordinances when it drafted subsection (d) and could have chosen to include the phrase "or similar local ordinance" when it determined that the potential punishment should be increased for a person who has repeatedly violated section 6-303(c). (See Ill.Rev.Stat. 1989, ch. 95½, par. 6-303(d).) This does not appear to be a situation where the phrase was omitted through legislative oversight, since the legislature did use the phrase "or similar local ordinance" in subsections (c) and (d) to permit a conviction based on a revocation which was the result of the violation of local ordinances similar to sections 11-401 and 11-501 (Ill.Rev.Stat.1989, ch. 95½, pars. 11-401, 11-501). (See Ill.Rev. Stat.1989, ch. 95½, pars. 6-303(c), (d).) Thus, we conclude that the defendant's conviction of violating a local ordinance prohibiting driving with a revoked license is not sufficient to enhance a section 6-303(c) charge to a Class 4 felony under section 6-303(d) of the Vehicle Code. We therefore affirm the dismissal of the section 6-303(d) charge.
The judgment of the circuit court is affirmed.
Affirmed.
BOWMAN and McLAREN, JJ., concur.