**People of the State of Illinois, Appellant, v. James E. Graf, Appellee.**

**Gen. No. 51,911.**

First District, Third Division.

March 7, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Alvah Morse, and James Zagel, Assistant State's Attorneys, of counsel), for appellant.

■■■■■■■■■

Marshall Kaplan, Kaplan and Kaplan, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal taken by the People of the State of Illinois from an order dismissing the complaint on the ground that the section under which the defendant was charged does not in any way prescribe a penalty. It is the State's theory that the Illinois Liquor Control Act (commonly called the Dram Shops Act) (Ill Rev Stats 1965, c 43) is a penal statute, and that in this case section 140 of the Dram Shops Act is an offense as defined in section 2–12 of the Criminal Code (Ill Rev Stats 1965, c 38, § 2–12). The State contends that where there is a violation of a penal statute and no penalty is prescribed in that statute, that section 1–7(j) of the Criminal Code applies.

On July 14, 1966, the defendant was arrested while driving his car at the corner of Isabella and Ashland, Evanston, Cook County, Illinois, and was charged with having "committed the offense of transporting an open bottle of liquor in a motor vehicle in that he did then and there possess an open bottle of alcoholic liquor in a certain motor vehicle, to-wit: ⅘ quart of Gilbey's Gin, with seal on said bottle broken in violation of Chapter 43, sec 140." A more accurate description of the section with which the defendant was charged is section 19, article VI of the Dram Shops Act (Ill Rev Stats 1965, c 43, par 140). That section reads as follows:

> "No person shall transport, carry, possess or have any alcoholic liquor in or upon or about any motor vehicle except in the original package and with the seal unbroken."

45

We will refer to the foregoing statute for the purpose of this opinion as section 140 of the Dram Shops Act.

The State contends that even though section 140 of the Dram Shops Act does not prescribe a penalty for a violation of this section, nevertheless, section 1–7(j) of the Criminal Code does provide a penalty because the State contends that the Dram Shops Act is a penal statute and that said section applies where the penalty is not otherwise provided. That section provides the following:

> "Penalty Where not Otherwise Provided.
>
> "The court in imposing sentence upon an offender convicted of an offense for which no penalty is otherwise provided may sentence the offender to a term of imprisonment not to exceed one year or a fine not to exceed $1,000, or both."

In support of its contention that the Dram Shops Act is a penal statute the State cites Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66; Canadian Ace Brewing Co. v. Swiftsure Beer Service Co., 17 Ill App2d 54, 149 NE2d 442, and Butler v. Wittland, 18 Ill App2d 578, 153 NE2d 106. In Butler, supra, the court stated on page 582:

> "The Dramshop Act as a part of the law governing the sale of liquor in Illinois is therefore essentially disciplinary and regulatory in its character. Robertson v. White, 11 Ill App2d 177. However, because the remedy therein provided is made available without regard to fault or negligence of the dramshop keeper, the Act is also penal in character . . ."

The above are all civil cases and in them the act has been described as having penal import "and penal character" in deciding civil suits for damages. It may be described as a penal statute only insofar as it imposes a civil liability for damages upon the dramshop keeper and the owner of the real estate wherein the dramshop is located

without proof of fault. The Dram Shops Act is not a penal statute in the same sense as is a criminal statute. Both the State and defense agree that section 1 of article X of the Dram Shops Act (Ill Rev Stats 1965, c 43, par 183) applies only to manufacturers, importers, distributors and sellers of liquor. The defendant argues that since no penalty is provided anywhere in the Dram Shops Act for a violation of section 140, and since a violation of section 140 is not made an offense, there is no other penalty provision that can be attached to section 140, including section 1-7(j) of chapter 38, which applies only to offenses.

It is significant to note that section 140 of the Dram Shops Act does not use the words "it shall be unlawful" or words of similar import.

Section 1-3 of the Criminal Code (Ill Rev Stats 1965, c 38, par 1-3) reads as follows:

> "No conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State. However, this provision does not affect the power of a court to punish for contempt or to employ any sanction authorized by law for the enforcement of an order, civil judgment, or decree."

██ Nowhere in chapter 43 (Dram Shops Act) is a violation of section 140 described as an offense. Section 2-11 of chapter 38 (Criminal Code) defines a misdemeanor as "any offense other than a felony, and includes conduct prohibited by a statute which provides no penalty for its violation." Section 2-12 of chapter 38 (Criminal Code) provides that " 'Offense' means a violation of any penal statute of this State." Section 102-15, chapter 38, defines offense as follows: " 'Offense' means a violation of any penal statute of this State or of any penal ordinance of its political subdivisions." Prohibited conduct cannot be penal in nature without being an offense. Pro-

hibited conduct is a criminal offense if the statute specifically says that such prohibited conduct is a criminal offense. Prohibited conduct may also be made an offense by providing a penalty within the statute prohibiting the conduct. Where the statute either makes an act unlawful or imposes a punishment for its commission, it is sufficient to make the act a crime.

■ It has been long recognized that criminal statutes must provide for a penalty and a conviction for violation of a statute containing no penalty cannot stand. State v. Tessier (RI), 213 A2d 699 (1965).

In ILP, Criminal Law, section 5, we find the following:

"It has been held that where an act is a crime solely by statute, and no penalty is prescribed in the statute, an indictment will be quashed, or a judgment arrested; or in other words, that a description, definition and denouncement of acts necessary to constitute a crime do not make the commission of such act or acts a crime unless a punishment is annexed, for punishment is as necessary to constitute a crime as its exact definition."

The State can receive no comfort from section 1–3 of chapter 38 (Criminal Code) which provides that no conduct constitutes an offense unless it is described as an offense of this code or in another statute of this State. We have found no statute in Illinois, nor has our attention been called to any, which describes the conduct set forth in section 140 of chapter 43 as an offense.

■ No statute makes an act an offense unless the statute expressly describes it as an offense, or unless punishment for the act is expressly prescribed. U. S. v. Seibert, 2 F2d 80; Holmes v. U. S., 267 F 529, cert den, 254 US 640, 41 S Ct 13.

Section 140 of the Dram Shops Act provides only that no person shall transport, carry, possess or have any alcoholic liquor in or upon or about any motor vehicle ex-

cept in the original package and with the seal unbroken. This statute only describes prohibited conduct. Such prohibited conduct, however, must be made an offense in the Criminal Code or in some other statute. Section 1–3 of chapter 38 (Criminal Code) provides that prohibited conduct is not an offense unless described as such in either the Criminal Code or another statute of this State. Since the act prohibited in section 140 of the Dram Shops Act did not specifically describe such prohibited conduct as an offense, and did not describe it anywhere else in chapter 43, or any other Illinois statute as an offense, and since no penalty for violation of section 140 is made a part of said section, nor in any other section of the Dram Shops Act, such prohibited conduct cannot be a crime.

Section 1–7(j) of chapter 38 is a catch-all misdemeanor or penalty statute, but a violation of section 140 of the Dram Shops Act has not been made a misdemeanor by any statute.

In State v. Tessier, supra, the defendant was convicted of violating the following ordinance of the City of Woonsocket, Rhode Island:

> "No person shall revel, use obscene language, quarrel or commit any manner of mischief or otherwise behave in a disorderly manner in any street, highway, gangway, or in any other public place in the city or near any dwelling house or other building therein to the disturbance or annoyance of the peaceful inhabitants thereof or any portion of them, or shall aid, assist, encourage or promote the same to be done by any other person or persons."

The words "no person shall . . ." are the identical words used in the Illinois statute in question, chapter 43, section 140.

 In the Tessier case the defendant did not raise the failure to provide a penalty either in the trial court

49

or on appeal. The Rhode Island Supreme Court in the Tessier case said on page 699:

> "That question finds its answer in the hornbook principles that every criminal statute must provide for a penalty and that a conviction for a violation of a statute containing none cannot stand. State v. Pirlot, 20 RI 273, 38 A 656; State v. Fair Lawn Service Center, Inc., 20 NJ 468, 120 A2d 233; 1 Wharton, Criminal Law & Procedure (12th ed), Sec 10, p 14. Bishop in his treatise of criminal law (9th ed) at Sec 6, p 3, says: 'Indeed, law, without punishment for its violation, is in the nature of things impossible.'"

There can be no doubt that a statute containing prohibitive language without a penalty clause or without describing the conduct as an offense is a nullity. It also cannot be doubted that if a statute creating the prohibition is not a criminal statute then the penalty provided elsewhere cannot be the basis for punishment.

■ ■ Chapter 43 of the Dram Shops Act is not a criminal statute. The prohibited conduct in section 140 is not made an offense as required by the Criminal Code. As a result thereof, no separate statute can provide a penalty. A criminal statute cannot rest on an uncertain foundation. People v. Cooper, 366 Ill 113, 7 NE2d 882.

It is highly significant that section 140 of the Dram Shops Act was on July 20, 1967, repealed by the Illinois Legislature, and after adding a penalty provision was transferred to the Motor Vehicles Act, as section 47.2 of article V of the Motor Vehicles Act (Ill Rev Stats 1967, c 95½, par 144.2). That section now reads as follows:

> "No person shall transport, carry, possess or have any alcoholic liquor in or upon or about any motor vehicle except in the original package and with the seal unbroken. A person convicted of violating this

Section shall be fined not less than $25 or more than $500."

The second sentence of said section was added and provides a specific penalty in the new statute itself. Apparently the legislature recognized that it had not provided a penalty, or made a violation of such prohibitive conduct an offense in section 140 of the Dram Shops Act. If section 1–7(j) of chapter 38 were to be applied to the repealed section 140 of the Dram Shops Act, an offender could be punished by imprisonment up to one year, whereas after the repeal of section 140 provision was made for a penalty and a violator could be fined no more than $500.

We conclude the trial judge properly sustained the motion to dismiss the complaint and the judgment is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.