No. 2--97--0608

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of De Kalb County.

)

Plaintiff-Appellant, ) No. 97--CF--127

) 

v. ) 

)

BONNIE TELLEZ, ) Honorable

) Douglas R. Engel,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Bonnie Tellez, was charged by information with criminal neglect of a disabled person (720 ILCS 5/12--21(a)(2) (West 1996)).  In the information, the State referred to the offense as a Class 3 felony.  Defendant moved to dismiss the information, alleging that it did not state an offense because criminal neglect of a disabled person is not a Class 3 felony.  The court denied the motion but struck the language “a Class 3 FELONY” from the information.  The court ruled that criminal neglect of a disabled person is an unclassified offense and therefore is a business or petty offense.  The State filed a certificate of impairment and appealed pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)).  We reverse and remand.

Before proceeding to the merits of the State’s argument, we address defendant’s contention that we lack jurisdiction to hear this appeal.
  The State argues that we have jurisdiction pursuant to Rule 604(a)(1), which allows the State to appeal an order having the substantive effect of dismissing a charge.  Defendant argues that the court’s order reducing the charge from a felony to a petty offense was not a dismissal because defendant was still charged with the same offense--criminal neglect of a disabled person.  The State argues that the substantive effect of the court’s order was to dismiss a felony charge and to replace it with a petty offense charge.

The parties incorrectly treat this as an issue of first impression.  In 
People v. Henry
, 20 Ill. App. 3d 73 (1974), the defendant was charged with theft.  The indictment included an allegation that the defendant had a previous theft conviction.  The court struck the allegation of a previous conviction, thus reducing the charge from a felony to a misdemeanor.  The appellate court held that the substantive effect of the court’s order was a dismissal of the original charge, and therefore the State could properly appeal.  
Henry
, 20 Ill. App. 3d at 74-75; 
cf
. 
People v. Rotramel
, 5 Ill. App. 3d 196, 197-98 (1972) (indictments charged defendants with driving under the influence of alcohol; trial court amended complaint to charge reckless driving and accepted guilty pleas to the reduced charges; State could properly appeal because substantive effect of court’s action was a dismissal of the greater charges).  We hold that the State may appeal because the substantive effect of the court’s action was to dismiss a Class 3 felony charge and to replace it with a petty offense charge.

On the merits, the State argues that the court incorrectly ruled that criminal neglect of a disabled person is a petty offense rather than a Class 3 felony.  The statute defining the offense provides, in part, as follows:

“Criminal Neglect of an Elderly or Disabled person.

(a) A person commits the offense of criminal neglect of an elderly or disabled person when he is a caregiver and he knowingly:

(1) performs acts which cause the elderly or disabled 

person's life to be endangered, health to be injured, or pre-existing physical or mental condition to deteriorate;  or

(2) fails to perform acts which he knows or reasonably 

should know are necessary to maintain or preserve the life or health of the elderly or disabled person and such failure causes the elderly or disabled person's life to be endangered, health to be injured or pre-existing physical or mental condition to deteriorate;  or

(3) abandons the elderly or disabled person.

Criminal neglect of an elderly person is a Class 3 

felony
.”  (Emphasis added.) 720 ILCS 5/12--21 (West 1996).

The problem with the statute is that the penalty section refers to criminal neglect of an 
elderly
 person and does not mention the penalty for neglect of a 
disabled
 person.  However, in virtually every other part of the statute, the terms “elderly” and “disabled” are used together.

Defendant argues, and the trial court agreed, that criminal neglect of a disabled person is an unclassified offense and is therefore a petty or business offense.  See 730 ILCS 5/5--5--2(c) (West 1996).  The State argues that it was an obvious legislative oversight that the words “or disabled” were left out of the penalty section of the statute and that criminal neglect of a disabled person is a Class 3 felony.  We agree with the State.

Defendant argues that it is improper for us to construe the statute because there is no ambiguity.  Defendant asserts that because the plain language of the statute provides that criminal neglect of the elderly is a Class 3 felony but does not classify criminal neglect of the disabled, the statute is not ambiguous and we may not construe it.  We disagree with defendant’s argument and hold that the statute is ambiguous.  An ambiguity exists when a statute is capable of being understood in two or more different senses by reasonably well-informed persons.  
People v. Jameson
, 162 Ill. 2d 282, 288 (1994); 
People v. Magnus
, 262 Ill. App. 3d 362, 366 (1994).  A reasonably informed person reviewing this statute to determine the classification of criminal neglect of a disabled person could reach either the State’s conclusion or defendant’s.  The literal terminology of the classification section refers to neglect of the elderly but not the disabled.  Nevertheless, that section becomes ambiguous when the statute is read as a whole because the two crimes are treated in exactly the same manner throughout the rest of the statute.  Accordingly, the statute is ambiguous and we must construe it to determine the legislature’s intent.

The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature.  
People v. Woodard
, 175 Ill. 2d 435, 443 (1997).  The court may look not only to the language of the statute but also to the reason and necessity for the law, the evils the legislature sought to remedy, and the objects and purposes the legislature sought to accomplish.  
People v. Drakeford
, 139 Ill. 2d 206, 214 (1990).  In construing a statute, every part, including its title, must be considered together.  
People v. Warren
, 173 Ill. 2d 348, 357 (1996).  Penal statutes are to be strictly construed in favor of the accused.  
People v. Chandler
, 129 Ill. 2d 233, 254 (1989).  However, they must not be construed so rigidly as to defeat the intent of the legislature.  
People v. Parker
, 123 Ill. 2d 204, 213 (1988). The judiciary has the authority to read into a statute language omitted through legislative oversight.  
Parker
, 123 Ill. 2d at 211.

We believe that the State’s construction of the statute is correct and that it was a legislative oversight that the words “or disabled” were omitted from the classification section of the statute.  As stated above, we must construe the statute as a whole in determining the legislature’s intent.  The title of the statute is “Criminal Neglect of an Elderly or Disabled person.”   Sections 12--21(a)(1), 12--21(a)(2), and 12--21(a)(3) (720 ILCS 5/12--21(a)(1), (a)(2), (a)(3) (West 1996)) define the offense.  Each of these sections uses the words “elderly or disabled.”   The rest of the statute provides definitions and rules of construction.  Each of these sections, with the necessary exception of the sections defining the terms “elderly person” and “disabled person,” uses the words “elderly or disabled.”  Other than the section that defines elderly person, the only place the term “elderly” is used without “or disabled” is in the provision that says “Criminal neglect of an elderly person is a Class 3 felony.”

We believe that the most logical conclusion one can reach in construing this statute is that criminal neglect of a disabled person is likewise a Class 3 felony.  The legislature created an offense called “criminal neglect of an elderly or disabled person” and defined the offense exactly the same whether it was committed against either the elderly or the disabled.  The obvious purpose of the statute is the protection of the elderly and the disabled.  It would not make sense for the legislature to make the crime a Class 3 felony (punishable by two to five years’ imprisonment in the Department of Corrections) when committed against the elderly but a petty offense (punishable by a fine only) when committed against the disabled. Nothing in the language of the statute suggests that the legislature viewed the crime as more serious when committed against the elderly.

The parties relied on legislative history in making their arguments.  We have reviewed the provided excerpts of the floor debates and found them not particularly helpful.  However, what is notably absent from the floor debates is any indication that the legislature viewed the crime as more serious when committed against the elderly or any discussion concerning making the offense a Class 3 felony when committed against the elderly but only a petty offense when committed against the disabled.  We believe the trial court’s construction of the statute thwarted the intent of the legislature in creating this offense. 

We conclude that the legislature’s intention was to make criminal neglect of a disabled person a Class 3 felony and that the omission of the words “or disabled” from the penalty section was a legislative oversight.  Therefore, the penalty section of section 12--21 of the Criminal Code of 1961 (720 ILCS 5/12--21 (West 1996)) should be read as “Criminal neglect of an elderly 
or
 
disabled
 person is a Class 3 felony.”  

Accordingly, we reverse the order of the circuit court of De Kalb County striking the words “a Class 3 FELONY” from the information and remand the cause for further proceedings consistent with this disposition.

Reversed and remanded.

INGLIS and DOYLE, JJ., concur.