FIRST DIVISION 

September 7, 1999 

No. 1-98-1323

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ALEX SMITH,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

James D. Egan,

Judge Presiding.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

The State charged defendant, Alex Smith, by indictment with two counts of indecent solicitation of a child based on the offense of predatory criminal sexual assault of a child.  The indictment alleged that defendant committed the indecent solicitation on July 11, 1997, in that he being over 17 solicited two children under the age of 13 to have sexual intercourse, an act which if completed would be predatory criminal sexual assault of a child. 

   Defendant was found unfit to stand trial and subject to involuntary admission. The parties then proceeded to a discharge hearing under section 104-25 of the Code of Criminal Procedure of 1963. (725 ILCS 5/104-25 (West 1996)).  The trial court found defendant "not not guilty" of the charges and ordered that defendant be remanded to the custody of the Department of Mental Health and Developmental Disabilities for a course of treatment to render him fit to stand trial.      

On appeal, defendant argues that the charges of indecent solicitation of a child must be dismissed because the statute is void and unconstitutional as it fails to include a sentence for the offense of indecent solicitation of a child based on predatory criminal sexual assault of a child. 720 ILCS 5/11-6(c)(West 1996).

                              I. FACTS

     At the discharge hearing Tiara B, testified she is 7 years old and in second grade.  She and her sister Tashia were in a park two houses from her grandmother's when the defendant approached them.  He said, "I'll give you 50 cents if you want to freak." He said "Do you want to see my dick?" and pointed at his private part.  He told her sister he would give her a quarter if she would go around the tree and "freak" him.  Tiara and her sister ran home and told their mother.

     Salena H, testified that on July 11, 1997, around 6 p.m. her two daughters, Tiara and Tashia, came home screaming that a boy on the playground offered them money to "freak" him.  The girls pointed the defendant out to her.  Salena H, told her sister to call the police, and she went outside and followed the defendant until the police arrived.

     Kimellen Chamberlain testified she is an assistant State's Attorney assigned to felony review. After 9:15 p.m. on July 11, 1997, she interviewed the defendant in the presence of a detective.  At first defendant told her he did not see any girls in the park, then he said he did see two girls, but he only pushed them on the swings.  When Chamberlain asked the detective to leave the room, the defendant told her that he went up to the two girls on the swings and asked them if they wanted to "freak" him.  When asked what "freak" meant, defendant explained that it was when a boy puts his "thing" or "dick" in a girl's "stuff" or between her legs.  Defendant also told  Chamberlain that the girls ran away when he asked them if they wanted to see his "dick," but they came back with their mother and she kept him from leaving until the police arrived.

     The parties then stipulated that Dr. Fauteck, the psychologist who had testified at the earlier fitness hearing and gave his expert opinion that defendant was not fit to stand trial and that he is subject to involuntary admission, would testify that defendant was unable to understand and waive his 
Miranda
 rights.

     The court found that defendant was "not not guilty" of indecent solicitation of a child based on predatory criminal sexual assault of a child.  The court further stated that, if defendant is subsequently found fit to stand trial, it would permit defense  counsel to refile a motion to suppress statements.  The trial court then ordered that defendant be remanded to the custody of the Department of Mental Health and Developmental Disabilities for a course of treatment to render him fit to stand trial.  This appeal followed. 

                         II. ANALYSIS

     Defendant contends that the absence of the language "predatory criminal sexual assault of a child" from the sentencing provisions of the indecent solicitation statute renders the statute void and unconstitutional.

    In cases where a party attacks the validity or constitutionality of a statute, our supreme court has repeatedly noted the "presumption of validity that attaches to legislation, including enactments that define offenses and prescribe penalties." 
People v. Fuller
, No. 86104, slip op. at 6 (July 1, 1999); 
People v. Dunigan
, 165 Ill. 2d 235, 244, 650 N.E.2d 1026 (1995). Thus, a reviewing court has a duty to construe a statute in a manner that upholds the statute's validity and constitutionality if reasonably possible. 
Fuller
, slip op. at 7.   

 As defined by statute, the offense of indecent solicitation of a child prohibits anyone age 17 or older from soliciting a child under age 13 to do any act which, if done, would constitute aggravated criminal sexual assault, predatory criminal sexual assault of a child, criminal sexual assault, aggravated criminal sexual abuse or criminal sexual abuse.  720 ILCS 5/11-6(a) (West 1996).  

     The indecent solicitation of a child statute provides in full:

"(a) A person of the age of 17 years and upwards who   solicits a child under the age of 13 to do any act, or 

solicits a person to arrange an act with a child under 

the age of 13, which if done would be aggravated criminal sexual assault, predatory criminal sexual assault of a child, criminal sexual assault, aggravated criminal 

sexual abuse or criminal sexual abuse, commits indecent 

solicitation of a child.

         (b) It shall not be a defense to indecent 

solicitation of a child that the accused reasonably 

believed the child to be of the age of 13 years and 

upwards.

      (c) Sentence

Indecent solicitation of a child is:

(1) a Class A misdemeanor when the act, 

if done, would be criminal sexual abuse;

(2) a Class 4 felony when the act, if 

done, would be criminal sexual assault, 

aggravated criminal sexual assault, or 

aggravated criminal sexual abuse. 

(d) For the purposes of this Section, 'solicits' 

includes but is not limited to oral or written 

communication and communication by telephone, computer, 

or other electronic means.  'Computer' has the meaning 

ascribed to it in Section 16D-2 of this Code."  720 ILCS 

5/11-6 (West 1996).

Defendant relies on the fact that although the statute identifies five predicate acts, its sentencing provision prescribes penalties for only four of those acts.  Defendant argues that the failure of the sentencing provision to prescribe a penalty for the predicate act of predatory criminal sexual assault makes the charges void and therefore requires dismissal of the charges with prejudice.

The State argues that the legislative intent underlying the indecent solicitation of a child statute is patently clear and that the legislature's failure to include the language "predatory criminal sexual assault of a child" in the sentencing provision was simply an oversight.

While we are mindful of the necessity to strictly construe criminal statutes in favor of the accused, such construction should not be so rigid as to defeat the intent of the legislature.  
People v. Tellez
, 295 Ill. App. 3d 639, 643, 693 N.E.2d 516 (1998).  The primary rule of statutory construction, to which all others are subordinate, is to determine and give effect to the legislature's true intent.  
People v. Hickman
, 163 Ill. 2d 250, 261 (1994).  The language of a statute often provides the best indication of legislative intent; however, when the language is ambiguous, it is appropriate for courts to resort to other methods of statutory construction. 
People v. Koppa
, 184 Ill. 2d 159, 169, 703 N.E.2d 91 (1998).

Therefore, to determine legislative intent, courts not only look at the language of the statute, but also attempt to ascertain the objective the legislature aimed to achieve, the reason and necessity for the law, and the evils the legislature sought to remedy.  
People v. Jeffries
, 164 Ill. 2d 104, 110, 646 N.E.2d 587 (1995).  If the legislature's intent and purpose can be ascertained from the statute, "'words may be modified, altered, or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention.'"  
People v. Parker
, 123 Ill. 2d 204, 210-

11, 526 N.E.2d 135 (1988), quoting 
People v. Bratcher
, 63 Ill. 2d 534, 543, 349 N.E.2d 31 (1976).

     In 
Parker
 the supreme court concluded that the legislature intended the "sexual relations within families" statute to apply to stepparents even though it failed to include the word "stepparents" in the statute. 
Parker
, 123 Ill. 2d at 211, 526 N.E.2d at 138.  The court held that the provision must be read to include "stepparents," otherwise the legislative intent would have been defeated.  See 
Parker
, 123 Ill. 2d at 213-14.

In 
People v. Tellez
, 295 Ill. App. 3d 639, 693 N.E.2d 516, the validity  of the statute concerning the criminal neglect of an elderly or disabled person was at issue.  
Tellez
, 295 Ill. App. 3d at 642.  The defendant, charged with criminal neglect of a disabled person, argued that the statute was invalid because the sentencing provision provided that criminal neglect of an "elderly" person was  a Class 3 felony and was silent regarding the penalty for criminal neglect of  a "disabled" person.  
Tellez
, 295 Ill. App. 3d at 642; 720 ILCS 5/12-21 (West 1996).  Despite treating both offenses equally throughout the statute, the terminology of the sentencing provision that classified the offense as a Class 3 felony referred only to neglect of the elderly and not of the disabled. 
Tellez
, 295 Ill. App. 3d at 642. Resorting to the language alone, the court noted that either the State's or the defendant's position regarding punishment could be correct. 
Tellez
, 295 Ill. App. 3d at 642.

However, the court determined legislative intent by examining the statute as a whole, the reason and necessity of the law, and the evil intended to be remedied, specifically, to prevent criminal neglect of both the elderly and the disabled.  Based on that analysis the court held that the omission of the words "or disabled" from the penalty section of the statute was a legislative oversight.  
Tellez
, 295 Ill. App. 3d at 643.  The court reasoned that the legislature intended to make criminal neglect of a disabled person a Class 3 felony given that the rest of the statute, with the exception of the definition section, used the words "elderly or disabled" together.  
Tellez
, 295 Ill. App. 3d at 643. The court also noted that the statute defined criminal neglect of an elderly or disabled person in exactly the same way regardless of whether it was committed against either an elderly or a disabled person.  
Tellez
, 295 Ill. App. 3d at 643.  The court held that the penalty section of the statute "should be read as,'Criminal neglect of an elderly or disabled person is a Class 3 felony.'" (Emphasis omitted).  
Tellez
, 295 Ill. App. 3d at 644, 693 N.E.2d at 519.

Similar to the statute in 
Tellez
, the language here omits   the  sentence for the offense of indecent solicitation of a child based on predatory criminal sexual assault of a child. By including predatory criminal sexual assault as conduct prohibited within the statute, the legislature intended to prohibit criminal acts of solicitation of a child based on predatory criminal sexual assault. 
Parker
, 123 Ill. 2d at 214. Either the legislature's failure to provide a penalty was intentional and thus we have no choice but to void defendant's charges, or the language was omitted by legislative oversight.  The "judiciary possesses the authority to read language into a statute which has been omitted through legislative oversight."  
People v. Chandler
, 129 Ill. 2d 233, 253 (1989). 

We agree with the reasoning in 
Parker
 and 
Tellez
 which determined legislative intent by analyzing the objective of the legislation. In this case, examining subsections (a) and (c) of the statute as a whole, the objective of the legislation, and the manner in which the legislation was enacted and amended, we conclude that the legislature's failure to add the words "predatory criminal sexual assault of a child" to subsection (c)(2) was simply an oversight rather than an intentional omission.  Although the indecent solicitation of a child statute has been in existence since 1962 (see Ill. Rev. Stat. 1961, ch. 38, par. 11-6), predatory criminal sexual assault of a child could not be used as a basis for indecent solicitation until the legislature established the offense of predatory criminal sexual assault of a child.  720 ILCS 5/12-

14.1 (West 1996). The legislation that originally created the offense of predatory criminal sexual assault of a child in Public Act 89-428, effective December 13, 1995, was found unconstitutional for violating the single subject clause of the Illinois Constitution of 1970 in 
Johnson v. Edgar
, 176 Ill. 2d 499, 680 N.E.2d 1372 (1997). The legislature then reenacted this offense in Public Act 89-462, which became effective May 29, 1996. 720 ILCS 5/12-14.1 (West 1996). 

When the legislature originally enacted the predatory criminal sexual assault of a child statute, it also amended the indecent solicitation of a child statute to incorporate "predatory criminal sexual assault of a child" as a predicate act under subsection (a). 720 ILCS 5/11-6(a) (West 1996). This incorporation unambiguously reflects the legislature's intent to penalize those soliciting a child in order to engage in predatory criminal sexual assault.   

     By the legislature adding "predatory criminal sexual assault of a child" to the list of predicate offenses for indecent solicitation of a child in subsection (a) of the statute, it was merely amending the statute to conform with the new offense.  The fact that the legislature failed to also amend subsection (c)(2) does not in any way negate the clear legislative intent to prevent individuals from soliciting sexual favors from young children and to punish such conduct.

In addition, the indecent solicitation of a child statute lists three predicate acts, criminal sexual assault, aggravated criminal sexual assault, and aggravated criminal sexual abuse, in subparagraph (c)(2) as Class 4 felonies and only one predicate act, criminal sexual abuse in subparagraph (c)(1), as a Class A misdemeanor.  Criminal sexual abuse, the lone predicate act qualifying as a misdemeanor, criminalizes "sexual conduct" when force or a threat of force is used or when the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent.  720 ILCS 5/12-15(a)(1),(a)(2) (West 1996).  Criminal sexual abuse also criminalizes the more offensive act of "sexual penetration" but only if the accused is younger than 17 years of age or in certain circumstances up to 21 years of age.  720 ILCS 5/12-15(b),(c) (West 1996).

In contrast to the predicate act classified as a misdemeanor, the statutes defining the three predicate acts qualifying as felonies involve more offensive conduct.  Aggravated criminal sexual abuse requires the presence of an additional factor, such as the use of a dangerous weapon or a victim age 60 or older, rendering the crime more offensive.  720 ILCS 5/12-16 (West 1996).  Both criminal and aggravated criminal sexual assault require "sexual penetration."  720 ILCS 5/12-13, 12-14 (West 1996).  

We further note that criminal sexual assault (a Class 1 felony) (720 ILCS 5/12-13(b) (West 1996)), aggravated criminal sexual abuse (a Class 2 felony) (720 ILCS 5/12-16(g) (West 1996)), and aggravated criminal sexual assault (a Class X felony) (720 ILCS 5/12-14(d) (West 1996)) are not within the same class of felonies. Nevertheless, all three qualify under the indecent solicitation of a child statute as predicate acts punishable as Class 4 felonies.  720 ILCS 5/11-6(c)(2) (West 1996).

In contrast to criminal sexual assault and aggravated criminal sexual abuse, predatory criminal sexual assault of a child shares the same Class X felony sentencing category as aggravated criminal sexual assault.  720 ILCS 5/12-14.1(b) (West 1996).  This shared sentencing status as Class X felonies indicates that the legislature considers these crimes to be of equal seriousness.  The equal seriousness of these crimes reflected by the Class X sentencing category which they share is consistent with their common elements.  For example, an act of sexual penetration by the use of force which causes life-threatening bodily harm to the victim could constitute both aggravated criminal sexual assault and predatory criminal sexual assault if the accused was older than age 17 and the victim was younger than age 13.  

      Moreover, both offenses provide that an individual convicted of a second offense in that category shall be sentenced to a term of natural life imprisonment. 720 ILCS 5/12-14(d) (West 1996); 720 ILCS 5/12-14.1(b) (West 1996). The status of both offenses as Class X felonies that also contain natural life provisions indicates that the legislature considers these crimes, which share common elements, to be of relatively equal seriousness. Consequently, the similar way that the legislature has defined these two offenses and categorized these two offenses as  Class X felonies, together with the fact that the legislature amended the indecent solicitation of a child statute to incorporate the predicate act of predatory criminal sexual assault, demonstrates that it intended to punish these predicate acts in the same way. 

     While the statute may be imprecisely drafted, it is not void or unconstitutional.  What is required of a penal statute is that it convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." 
United States v. Petrillo
, 332 U.S. 1, 8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538, 1542 (1947).  Aggravated criminal sexual assault covers a larger number of possible scenarios with the expanded age section; however, predatory criminal sexual assault and aggravated criminal sexual assault possess similar elements and provide the same penalty.  See 
People v. Moore
, 295 Ill. App. 3d 676, 694 N.E.2d 184 (1998).  Therefore, within common understanding and practice, the defendant was sufficiently warned that his activities, whether formally called aggravated criminal sexual assault or predatory criminal sexual assault, were proscribed by statute and penalized as a Class 4 felony.

Section 11-6(c)(2) of the statute classifies the predicate act of aggravated criminal sexual assault as a Class 4 felony. Since the elements of aggravated criminal sexual assault and predatory criminal sexual assault are so similar and the penalties identical, subjecting a defendant convicted of indecent solicitation of a child based on aggravated criminal sexual assault to a Class 4 sentence, while not subjecting a defendant convicted of indecent solicitation based on predatory criminal sexual assault to the same sentencing category, would be an illogical and absurd result.  A court construing the language of a statute will assume that the legislature did not intend to produce an absurd or unjust result.  
In re Marriage of Stevens
, 292 Ill. App. 3d 991, 1001, 687 N.E.2d 165, 170 (1997).   

Thus, in construing the indecent solicitation of a child statute with the presumption that the legislation is valid and enforceable, we conclude that the only logical reading of the statute is to classify the predicate act of predatory criminal sexual assault of a child as a Class 4 felony. 
Tellez
, 295 Ill. App. 3d at 633. We correct the legislature's oversight in failing to indicate a specific penalty because legislative intent demonstrates that the crime is a Class 4 felony.  The legislative intent is clear from the statute and we conclude the penalty section of the statute should be read to include "predatory criminal sexual assault of a child."

Defendant relies on 
People v. Graf
, 93 Ill. App. 2d 43, 235 N.E.2d 886 (1968), and 
People v. Natoli
, 70 Ill. App. 3d 131, 387 N.E.2d 1096 (1979), to support his contention that the charges of  indecent solicitation of a child based on predatory sexual assault must be dismissed.  Both cases are distinguishable.

In 
Graf
, the State filed a complaint alleging that defendant violated a provision of the Illinois Liquor Control Act, now codified in section 11-502 of the Illinois Vehicle Code (625 ILCS 5/11-502 (West 1996)), by driving with an open bottle of liquor.  
Graf
, 93 Ill. App. 2d at 45.  The appellate court upheld the dismissal of that complaint, reasoning that the relevant statute did not include any sentencing provision or reveal an intent to criminalize the prohibited conduct of driving with an open container of alcohol.  
Graf
, 93 Ill. App. 2d at 50-51.  Unlike the statute in 
Graf
, here the indecent solicitation of a child statute includes a sentencing provision and reflects an intent to criminalize defendant's alleged conduct.  

In 
Natoli
, the defendant was convicted of both possession and delivery of a controlled substance.  Under the applicable statutory scheme, the defendant was to receive a greater sentence for possession than for delivery of a controlled substance.  
Natoli
, 70 Ill. App. 3d at 134.  The court dismissed the possession charge, reasoning that the sentence provided for possession was obviously a mistake and there was no way of knowing precisely how severely the legislature wanted to punish the offense of possession. Without any guidance as to the legislature's intention, the court could not impose a sentence unless it relied on pure speculation. 
Natoli
, 70 Ill. App. 3d at 140-41. Unlike 
Natoli
, the statute defining indecent solicitation of a child, when examined as a whole, provides evidence of legislative intent, specifically the similar way that the legislature has defined, categorized, and penalized aggravated criminal sexual assault and predatory criminal sexual assault of a child. 720 ILCS 5/12-14, 12-14.1 (West 1996).  

Similar to the legislation in 
Parker
 and 
Tellez
, the legislature in this case left language out of the sentencing provision in question, and judicial authority should be used to correct the oversight.  Moreover, as in 
Parker
 and 
Tellez
, review of the remainder of the statute reveals that the omission originated not from an intentional decision but from an inadvertent mistake. 

We thus conclude that the legislature intended to classify indecent solicitation of a child based upon predatory criminal sexual assault of a child as a Class 4 felony, and we correct the deficiency within the statute. Accordingly, the sentence section of section 11-6(c)(2) of the Criminal Code of 1961 (720 ILCS 5/11-

6(c)(2) (West 1996)) should read as "Indecent solicitation of a child is *** a  Class 4 felony when the act, if done, would be criminal sexual assault, 
predatory criminal sexual assault of a child
, aggravated criminal sexual assault, or aggravated criminal sexual abuse." 

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed. 

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.