*In re* F.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. F.M., a Minor, Respondent-Appellant).

First District (2nd Division)    No. 1—02—0456

Opinion filed November 25, 2003.—Rehearing denied December 26, 2003.

Michael J. Pelletier and Eric M. Muellenbach, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Following an adjudicatory hearing, respondent F.M. was found delinquent based on his commission of aggravated criminal sexual assault. Respondent was placed on five years' probation and ordered to refrain from having any unsupervised contact with children under 12 years of age. On appeal, respondent contends: (1) the aggravated criminal sexual assault statute he was charged under violates due process because it permits felony adjudications based on innocent conduct; (2) his disposition as a Class X offender pursuant to section 12—14(b)(i) of the Criminal Code of 1961 (720 ILCS 5/12—14(b)(i) (West 2000)) was in error where that section properly is classified as a Class 4 offense; and (3) he was deprived of due process of law where the State presented unreliable evidence of prior bad acts through a victim impact statement. We affirm.

FACTS

Respondent was charged with aggravated criminal sexual assault pursuant to section 12—14(b)(i). 720 ILCS 5/12—14(b)(i) (West 2000). He was adjudicated delinquent after a stipulated adjudicatory hearing.

At the hearing on a motion to suppress statements, Sergeant William Stutzman of the Wheeling police department testified that on March 29, 2000, he investigated a possible incident of sexual abuse between respondent, respondent's sister, and a neighbor girl. He called respondent's mother and asked her to bring respondent to the police

station. After being read his *Miranda* rights, respondent gave a verbal statement, followed by a written statement. He admitted placing his penis in the mouths of his sister and the neighbor girl. The court denied the motion to suppress.

The parties entered into a stipulatory adjudicatory hearing that incorporated respondent's statement. They also stipulated that on March 28, 2000, respondent was 13 years old, and the neighbor victim was 6 years old. The State informed the court that the charges related to respondent's sister were nol-prossed. The trial judge adjudicated respondent delinquent of aggravated criminal sexual assault.

At the dispositional hearing, the State introduced evidence in the form of two victim impact statements. The victim's father and mother each read a statement to the court. In the victim's mother's statement, she said, "what [the victim] saw was she played a part in a game at least three separate times \*\*\*. The fact that he subjected my daughter and his sister to this numerous times makes me wonder about my ability to protect my daughter."

The State recommended that respondent be placed on five years' probation and ordered to refrain from having any unsupervised contact with children under 12 years old. The assistant public defender had no objection and said she was "fundamentally in agreement" with the recommended sentence. The court followed the State's recommendation, placing respondent on five years' probation and ordering respondent not to have any unsupervised contact with children under 12. Respondent also was ordered to participate in sex offender treatment, with family counseling and mandatory school attendance.

DECISION

I. Substantive Due Process

Respondent first contends the statute under which he was found delinquent, section 12—14(b)(i), violates due process because it sweeps too broadly and potentially punishes innocent conduct. The section charged against respondent does not require that sexual penetration be accompanied by sexual gratification or the use or threat of force. Absent a requirement of criminal intent or a culpable mental state, respondent contends, merely changing a baby's diaper or washing a baby with a washcloth could be punishable as a felony.

■ Whether a statute is constitutional is a question of law to be reviewed *de novo*. *People v. Morgan*, 203 Ill. 2d 470, 486, 786 N.E.2d 994 (2003). All statutes are presumed constitutional, and the party challenging the constitutionality of a statute bears the burden of clearly establishing the alleged constitutional violation. *In re R.C.*, 195 Ill. 2d 291, 296, 745 N.E.2d 1233 (2001).

■ Section 12—14(b)(i) provides:

> "(b) The accused commits aggravated criminal sexual assault if the accused was under 17 years of age and (i) commits an act of sexual penetration with a victim who was under 9 years of age when the act was committed[.]" 720 ILCS 5/12—14(b)(i) (West 2000).

"Sexual penetration" is defined as:

> "any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person." 720 ILCS 5/12—12(f) (West 2000).

■ The State contends respondent essentially is arguing section 12—14(b)(i) is overbroad, the same defense argument rejected in *People v. Terrell*, 132 Ill. 2d 178, 547 N.E.2d 145 (1989), where the accused facially challenged the aggravated criminal sexual assault and criminal sexual assault statutes. There, the court discussed two alternative requirements for standing to attack the constitutionality of a statute: the person must be directly affected by the alleged unconstitutionality, or he must claim the statute inhibits the exercise of rights protected under the first amendment. *Terrell*, 132 Ill. 2d at 212. The first requirement prevented the defendant from pursuing his challenge to the face of the statutes. That is, "[t]he defendant does not have standing to challenge the constitutionality of those statutes on the ground that they may be applied unconstitutionally to others in a different situation." *Terrell*, 132 Ill. 2d at 212.

*Terrell* would dispose of an overbreadth claim in this case, although the overbreadth doctrine was "designed to protect first amendment freedom of expression from laws written so broadly that the fear of punishment might discourage people from taking advantage of that freedom." *People v. Anderson*, 148 Ill. 2d 15, 26, 591 N.E.2d 461 (1992), citing *Broadrick v. Oklahoma*, 413 U.S. 601, 611-12, 37 L. Ed. 2d 830, 839-40, 93 S. Ct. 2908, 2915 (1973).

Respondent insists he is not arguing overbreadth in this case. Although we believe *Terrell* requires rejection of respondent's claim on standing grounds, we will address the due process theory he relies on to attack the facial validity of section 12—14(b)(i).

■ Respondent contends section 12—14(b)(i) is unconstitutional because it violates substantive due process. See *Anderson*, 148 Ill. 2d at 27 (distinguishing between first amendment overbreadth claim and due process claim based on *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985)). When legislation does not affect a fundamental right, we use the rational basis test to analyze a substantive due process claim.

*People v. Wright*, 194 Ill. 2d 1, 24, 740 N.E.2d 755 (2000). We must determine whether the statute bears a reasonable relationship to its intended purpose and whether the means adopted are a reasonable method of accomplishing that purpose. *Wright*, 194 Ill. 2d at 24.

Respondent relies on three Illinois Supreme Court decisions: *Wright*, 194 Ill. 2d at 28 (invalidating section 5—401.2 of the Illinois Vehicle Code (625 ILCS 5/5—401.2 (West 1996)), providing that anyone who "knowingly" failed to keep certain records for three years was guilty of a Class 2 felony); *People v. Zaremba*, 158 Ill. 2d 36, 42, 630 N.E.2d 797 (1994) (invalidating a section of the Illinois theft statute making it a felony for a person to obtain or exert control over property in the custody of a law enforcement agency where that person has been informed the property was stolen); and *Wick*, 107 Ill. 2d at 66 (invalidating a section of the aggravated arson statute making it a Class X felony to knowingly damage a building by a fire that caused injury to a fireman or police officer at the scene).

In each case the court held that because the statute did not require a culpable mental state it could be read to apply to wholly innocent conduct. The statutes did not possess a rational relationship to their intended purpose because they could sweep in innocent people who reasonably believed they were engaging in lawful activity. Standing was not an issue in these cases.

■ Unlike the statutes in *Wick*, *Wright*, and *Zaremba*, the aggravated criminal sexual assault statute does not reach innocent conduct. Although the definition of "sexual penetration" does not expressly require a mental state, the legislature clearly did not intend the statute to define a strict liability or public welfare offense. *Terrell*, 132 Ill. 2d at 209. This court and the Illinois Supreme Court have held the aggravated criminal sexual assault statute implicitly requires that the act of sexual penetration be intentional or knowing. See *Terrell*, 132 Ill. 2d at 209; *People v. Bofman*, 283 Ill. App. 3d 546, 551, 670 N.E.2d 796 (1996); *People v. Ramsey*, 190 Ill. App. 3d 723, 726, 546 N.E.2d 1108 (1989); *People v. Jimenez*, 191 Ill. App. 3d 13, 26, 547 N.E.2d 616 (1989); *People v. Smith*, 152 Ill. App. 3d 589, 594, 504 N.E.2d 850 (1987); *People v. Bartay*, 150 Ill. App. 3d 130, 132, 501 N.E.2d 364 (1986); *People v. Burmeister*, 147 Ill. App. 3d 218, 223-24, 497 N.E.2d 1212 (1986).

We disagree with respondent when he says section 12—14(b)(i) does not require an unlawful purpose, thereby punishing innocent as well as culpable conduct. The section does require culpable intent— the intent of someone under 17 to commit an act of sexual penetration on a victim under 9. See *Terrell*, 132 Ill. 2d at 209; *Ramsey*, 190 Ill. App. 3d at 726; *Burmeister*, 147 Ill. App. 3d at 224. The statute does

not punish innocent conduct. *Jimenez*, 191 Ill. App. 3d at 26; *Burmeister*, 155 Ill. App. 3d at 223-24. Accordingly, we hold the aggravated criminal sexual assault statute does not violate due process.

## II. Class X Offense

Respondent next contends he was improperly sentenced as a Class X offender where the sentencing provision of the aggravated criminal sexual assault statute did not classify subsection 12—14(b) as a Class X offense.

Section 12—14(d)(1) provided:

> "Aggravated criminal sexual assault in violation of paragraph (1), (2), (3), (4), (5), (6), or (7) of subsection (a) is a Class X felony." 720 ILCS 5/12—14(d)(1) (West 2000).

The statute was silent as to the classification of subsection 12—14(b). Section 5—5—2(a) of the Unified Code of Corrections provides an unclassified offense "which is declared by law to be a felony or which provides a sentence to a term of imprisonment for one year or more shall be a Class 4 felony." 730 ILCS 5/5—5—2(a) (West 2000). Accordingly, respondent contends he should have been disposed as a Class 4 offender.

Subsequent to respondent's commission of the offense, section 12—14(d)(1) was amended by Public Act 92—502 to classify section 12—14(b) as a Class X offense. Pub. Act 92—502, eff. December 19, 2001. The statute now provides:

> "Aggravated criminal sexual assault in violation of paragraph (2), (3), (4), (5), (6), or (7) of subsection (a) or in violation of subsection (b) or (c) is a Class X felony." 720 ILCS 5/12—14(d)(1) (West 2002).

Notwithstanding the amendment, respondent contends the constitutional prohibition against *ex post facto* laws requires that he be sentenced in accordance with the law in effect at the time the offense was committed. See *People v. Ollie*, 333 Ill. App. 3d 971, 991 n.3, 777 N.E.2d 529 (2002).

The State responds that the legislature always intended for section 12—14(b) to be a Class X offense. In 1984, the legislature enacted Public Act 83—1067, to recodify the existing sexual offenses into "a comprehensive statute with uniform statutory elements." *People v. Haywood*, 118 Ill. 2d 263, 271 (1987). Section 12—14(d) of the original statute provided that all forms of aggravated criminal sexual assault were Class X felonies. Pub. Act 83—1067, eff. July 1, 1984. A 1999 amendment, among other things, inserted "in violation of paragraph (1), (2), (3), (4), (5), (6), or (7) of subsection (a)" in the first sentence of subsection (d)(1), but made no reference to subsections (b) and (c).

Pub. Act 91—404, eff. January 1, 2000. The State contends the statute's silence as to subsection (b) was a legislative oversight that was remedied by the December 19, 2001, amendment.

The transcripts of the legislative debates bear this out. See 92d Ill. Gen. Assem., Senate Proceedings, November 28, 2001, at 23, and November 29, 2001, at 28 (statements of Senator Dillard explaining amendment's purpose was to reenact penalty provisions in the aggravated criminal sexual assault statute that were erroneously eliminated); 92d Ill. Gen. Assem., House Proceedings, November 29, 2001, at 108-09 (statements of Representative Hultgren stating the amendment corrected an error in drafting that took out the penalty phase for aggravated criminal sexual assault).

■ The primary rule of statutory construction is to determine and give effect to the legislature's true intent. *People v. Hickman*, 163 Ill. 2d 250, 261, 644 N.E.2d 1147 (1994). When the language of a statute is ambiguous, it is appropriate to resort to other methods of statutory construction to determine legislative intent. *People v. Koppa*, 184 Ill. 2d 159, 169, 703 N.E.2d 91 (1998). If the legislature's intent and purpose can be ascertained from the statute, " 'words may be modified, altered, or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention.' " *People v. Parker*, 123 Ill. 2d 204, 210-11, 526 N.E.2d 135 (1988), quoting *People v. Bratcher*, 63 Ill. 2d 534, 543, 349 N.E.2d 31 (1976). The " 'judiciary possesses the authority to read language into a statute which has been omitted through legislative oversight.' " *People v. Smith*, 307 Ill. App. 3d 414, 419, 718 N.E.2d 640 (1999), quoting *People v. Chandler*, 129 Ill. 2d 233, 253, 543 N.E.2d 1290 (1989).

In several cases cited by the State, courts have supplied missing words to statutes so as not to defeat the intention of the legislature. In *Smith*, 307 Ill. App. 3d at 417, the defendant contended the absence of the language "predatory criminal sexual assault of a child" from the sentencing provisions of the indecent solicitation statute rendered the statute void and unconstitutional. The court considered the objective of the legislation in concluding the legislature's failure to include the language in the provision was an oversight rather than an intentional omission. *Smith*, 307 Ill. App. 3d at 420. Similarly, in *People v. Tellez*, 295 Ill. App. 3d 639, 693 N.E.2d 516 (1998), the statute treated criminal neglect of an elderly person and of a disabled person equally throughout the statute, but the sentencing provision classifying the offense as a Class 3 felony was silent as to neglect of the disabled. The court determined the omission of the words "or disabled" from the penalty section of the statute was a legislative oversight. *Tellez*, 295 Ill. App. 3d at 643. See also *Parker*, 123 Ill. 2d at

211, 213-14 (supreme court concluded the legislature intended the "sexual relations within families" statute to apply to stepparents; otherwise, the legislative intent would have been defeated).

■ In this case, we believe the legislature's failure to include subsection (b) in the sentencing provision of the statute classifying it as a Class X offense was not intentional, but an oversight. The legislature's December 19, 2001, amendment including subsections (b) and (c) in the sentencing provision to conform with the original version of the statute, as well as the legislative history of the amendment, supports our holding. Respondent properly was sentenced as a Class X offender under the statute.

### III. Victim Impact Statement

Respondent next contends his sentence should be vacated because the State introduced, through a victim impact statement, unreliable evidence that respondent had engaged in prior sexual misconduct on three separate occasions. He contends the victim's mother's statement cannot be deemed trustworthy because there was no showing that the accusations were reliable and accurate. See *People v. La Pointe*, 88 Ill. 2d 482, 498-99, 431 N.E.2d 344 (1981) (at sentencing, trial court is not limited to considering information that would be admissible at trial, but it must exercise care to insure the accuracy of information considered).

■ We need not decide whether the evidence was properly admitted. Not only was respondent's sentence mandated by statute, but respondent had no objection to and agreed to the sentence. Pursuant to section 5—715(1) of the Juvenile Court Act of 1987, the period of probation for a minor found guilty of a Class X offense "shall be at least 5 years." 705 ILCS 405/5—715(1) (West 2000). Since we have determined that respondent properly was sentenced as a Class X offender, respondent's five-year probation was mandatory. Moreover, at the dispositional hearing, the defense attorney failed to object to the victim impact statement and indicated she was fundamentally in agreement with the sentence recommended by the State because it was mandated by statute. We find no error in respondent's sentence.

### CONCLUSION

We affirm the decision and rulings of the trial court.

Affirmed.

BURKE and GARCIA, JJ., concur.